■ RAYMOND TONNS, Respondent, v SPIEGEL'S, Defendant, and PRO-TEC, INC., Appellant. — In a negligence action, *inter alia,* to recover damages for personal injuries, defendant Pro-Tec, Inc., appeals from an order of the Supreme Court, Kings County (Hirsch, J.), dated November 24, 1981, which

denied its motion to dismiss the action against it for lack of jurisdiction. Order affirmed, with $50 costs and disbursements. Plaintiff suffered an eye injury in November, 1979 while playing racquetball. At the time he suffered the injury he was wearing protective eye guards manufactured by defendant Pro-Tec, Inc., and purchased from defendant Spiegel's. He commenced the instant action in August, 1980, alleging causes of action against Pro-Tec, *inter alia,* for its negligent design, manufacture, and testing of the eye guards, breach of warranty, and strict liability. Pro-Tec moved to dismiss the complaint against it for lack of jurisdiction. It was asserted that Pro-Tec was a Washington corporation that was not licensed to do business in New York. It did not maintain an office in New York, had no employees or resident agents in New York, and did not advertise in New York. The sales in New York derived from orders placed by New York retailers and sales representatives. For the fiscal year ending April 30, 1979, sales in New York constituted 4% or $41,162 of Pro-Tec's business; for the fiscal year ending April 30, 1980 such sales were 7.1% or $113,295; and for the fiscal year ending April 30, 1981 the New York sales were 6.78% or $113,058 of its business. This appeal followed the denial of Pro-Tec's motion to dismiss for lack of jurisdiction. We now affirm. CPLR 302 provides, in pertinent part: "§ 302 Personal jurisdiction by acts of non-domiciliaries. (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or * * * 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce". Pursuant to CPLR 302 (subd [a], par 3, cl [ii]) jurisdiction may be exercised because Pro-Tec intentionally shipped goods into the State with knowledge that defective design or manufacture of its product would have consequences in the State, and the record establishes that Pro-Tec derives substantial revenue from interstate commerce (see *Darienzo v Wise Shoe Stores,* 74 AD2d 342). Pro-Tec also derives substantial revenue from goods used in the State, and so jurisdiction is available pursuant to CPLR 302 (subd [a], par 3, cl [i]) (see *Allen v Canadian Gen. Elec. Co.,* 65 AD2d 39, affd 50 NY2d 935). Pro-Tec has purposefully invoked the benefits and protection of New York law, and has derived sufficient profits from users of its product in New York to conclude that it is both fair and reasonable to expect Pro-Tec to answer in New York for any difficulties that may arise from its New York operations. We further conclude that jurisdiction may also be exercised pursuant to CPLR 302 (subd [a], par 1) because Pro-Tec is one who "contracts anywhere to supply goods or services in the state". Pro-Tec is clearly correct in urging that for jurisdiction to be exercised pursuant to this provision, the claim must arise out of its purposeful activity in the State. But its argument that this remedial language, added to the statute in 1979, is limited to breach of contract actions is ill founded (see McLaughlin, 1979 Practice Commentary, 1981-1982 Pocket Part, McKinney's Cons Laws of NY, Book 7B CPLR C302:13; see, generally, 1 Weinstein-Korn-Miller, NY Civ Prac, par 302.11a). There is no basis in logic or law to conclude that a manufacturer who ships seriously defective and dangerous goods into New York, knowing that the goods will be used by New York customers, need

answer in New York only to the wholesalers and retailers who suffer breach of contract monetary damages and not to the ultimate customers who suffer severe personal injuries as an ultimate consequence of the shipments. In either case, the claim is a direct consequence of purposeful New York activity and the benefits and protections of New York law have been utilized by the manufacturer. Accordingly, the invocation of New York jurisdiction may fairly be anticipated and expected so that a convenient forum will be available for New York residents. Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.