■ AMERICAN NATIONAL BANK & TRUST OF NEW JERSEY, Re-spondent, v PHILIP F. ALBA, Appellant. — In an action on a default judgment prosecuted by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Brucia, J.), entered March 30, 1984, which, after a hearing on the issues of whether defendant was properly served with process in the New Jersey action and whether the courts of that State properly exercised long-arm jurisdiction over the defendant, granted the plaintiff's motion for summary judgment and denied the defendant's cross motion to dismiss the action.

Order and judgment reversed, on the law, with costs, motion denied, cross motion granted, and action dismissed.

On February 20, 1979, Mainstream Leasing Services Co., Inc. (hereinafter Mainstream), a New York corporation, entered into a lease with Glennhill Baking Co., Inc. (hereinafter Glennhill), another New York corporation, under which Mainstream leased a bagel-producing machine to Glennhill. The defendant, Philip F. Alba, a New York resident, signed a personal guarantee of payment of the amounts due under the lease. One clause of the guarantee stated: "This guaranty * * * shall be governed by the laws of New York". On the day after it was executed the lease was assigned to the plaintiff bank, whose principal office is in Morristown, New Jersey. Glennhill made payments due under the lease directly to the plaintiff.

Sometime in 1980, Glennhill defaulted on the lease and the plaintiff began efforts to sell or re-lease the bagel machine. On or about May 27, 1981, the plaintiff commenced an action in New Jersey against the defendant and others. The defendant failed to appear, answer or move in the action and on October 14, 1981 a final judgment by default was filed in the Superior Court of New Jersey in favor of the plaintiff and against the defendant in the sum of $22,645.61. The plaintiff collected $4,000 in partial satisfaction of the judgment.

On February 27, 1982, the plaintiff commenced an action in the Supreme Court, Nassau County, on the New Jersey judgment by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. It attached a copy of the New Jersey judgment and alleged that the amount due thereon was $18,645.61. The defendant cross-moved to dismiss the action. The crux of the defendant's motion was that the courts of New Jersey lacked personal jurisdiction over him because (1) he was not properly served with process in the New Jersey action and (2) there was no basis for exercising long-arm jurisdiction over him. A hearing was ordered to determine these issues.

At the hearing, plaintiff presented three witnesses. The first, Sheldon Patraker, was a deputy sheriff in the Nassau County Sheriff's Department. Patraker did not recall serving the defendant and his testimony came exclusively from reading his notes. He testified that he made numerous attempts to serve the defendant at his law office in June 1981. On June 19, 1981, Patraker received a call from an associate of defendant named Joseph Leshen. Leshen told Patraker that he would "be in to receive papers" but Patraker did not attempt service that day. A few days later Patraker was notified by plaintiff's attorney that it was "okay to sub-service the associate". He also tried to find out what the New Jersey substitute service laws were. On June 25, 1981 Patraker personally served Leshen when Leshen told

him that he would take the papers. The next day Patraker mailed a copy of the papers to defendant's office.

The next witness was Frederick W. Cenn, an employee of the plaintiff who was a collection supervisor. He indicated that on many occasions after Glennhill's default, the plaintiff communicated with the defendant concerning payment on the guarantee and recovery of the machine. The most significant contact was in September 1980, when the plaintiff forwarded a check to the defendant. The check was, in turn, relayed to Glennhill's landlord so that Glennhill's lease could be extended, giving the plaintiff time to remove the machine.

Defendant's associate, Joseph Leshen, was the final witness. He shared an office with the defendant. Leshen admitted that he and defendant had prior dealings with Mainstream and that he was aware that Mainstream was likely to assign the lease to plaintiff. He further agreed that he spoke with Patraker, but denied telling him he was available for service of papers upon defendant. Leshen stated that his role was in trying to assist Patraker in finding the defendant. He denied telling Patraker that he was authorized, as defendant's agent, to take the papers and stated that when he received them, it was "as a person of suitable age and discretion". Leshen further stated that the defendant had never designated him as an agent for any reason. Defendant did not testify and so failed to either confirm or deny whether Leshen was ever appointed his agent for service of process.

In a memorandum decision, Special Term (Brucia, J.), granted the plaintiff's motion for summary judgment and denied the defendant's cross motion to dismiss the action. Using New Jersey law, he found that service was proper as the summons and complaint were delivered "to a person authorized by appointment * * * to receive service of process on [defendant's] behalf". It based this finding on Patraker's testimony, a finding that Leshen's testimony was incredible, and a strong inference drawn against defendant for failing to testify. The court further found that the New Jersey court exercised proper long-arm jurisdiction over defendant. This was based on certain minimal contacts attributed to defendant, the fact that defendant could have foreseen the assignment of the lease to plaintiff, the presumption of validity of the New Jersey judgment and the inference against defendant for failing to testify. We reverse.

It should first be noted that Special Term was correct in using New Jersey law. The clause in the guarantee stating that New York law should govern refers only to substantive disputes. Procedural matters are to be governed by the law of the forum

(*Childs v Brandon,* 60 NY2d 927; *Kilberg v Northeast Airlines,* 9 NY2d 34; *Able Cycle Engines v Allstate Ins. Co.,* 84 AD2d 140). Thus the New Jersey court properly chose to utilize its own rules governing service of process rather than those of New York. Likewise, we must decide if service was proper based on New Jersey law.

The plaintiff concedes that, based on New Jersey law, substitute service was improper because the papers were mailed to the defendant's office rather than his home. It therefore relies on the theory that Patraker effected personal service on Leshen as an authorized agent for the defendant. Special Term agreed with this theory based on its findings of credibility and the adverse inference it drew from defendant's failure to testify. Great deference should be given to the hearing court in matters of credibility (*Perry v Perry,* 79 AD2d 851) and the strongest inferences that the opposing evidence will permit may be drawn against a party who fails to testify (*Noce v Kaufman,* 2 NY2d 347; *Turner Press v Gould,* 76 AD2d 906). Consequently, we conclude that Special Term's holding that Leshen was defendant's agent to receive service should not be disturbed.

However, Special Term erred in holding that New Jersey had a basis for the exercise of long-arm jurisdiction when it rendered judgment against the defendant. It is true that New Jersey has adopted a judicial policy which permits service on nonresident defendants to the outer limits of the due process requirements of the United States Constitution (*Avdel Corp. v Mecure,* 58 NJ 264, 277 A2d 207; *J. I. Kislak, Inc. v Trumbull Shopping Park,* 150 NJ Super 96, 374 A2d 1246). Nevertheless, the Supreme Court has held that the State courts "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State" (*World-Wide Volkswagen Corp. v Woodson,* 444 US 286, 291, citing *International Shoe Co. v Washington,* 326 US 310, 316). While a single transaction may suffice to establish the requisite connection with the forum, the satisfaction of the due process standard depends on the quality and nature of the act "in relation to the fair and orderly administration of the laws" (*International Shoe Co. v Washington, supra,* at p 319; *Gladding Corp. v Balco-Pedrick Parts Corp.,* 76 AD2d 1). It is essential that a defendant, by some act, purposely avail himself of the privilege of conducting activities within the forum State, invoking the benefits and protections of its laws (*Hanson v Denckla,* 357 US 235, 253).

In the case at bar it cannot be said that defendant established minimum contacts with the State of New Jersey or availed

himself of the privilege of conducting activities within the State. While the court gave great weight to the fact that defendant should have been aware that the lease would be assigned to a New Jersey bank, foreseeability alone is not sufficient to establish personal jurisdiction. What is necessary for foreseeability to be critical to due process analysis is that the defendant's conduct and connection with the forum State be such that he should reasonably anticipate being haled into court there (*World-Wide Volkswagen Corp. v Woodson, supra,* at pp 295, 297; *Shaffer v Heitner,* 433 US 186, 216). This is not true in the instant case.

The lease and guarantee were executed in New York by two New York corporations and by the defendant, a New York resident. The bagel machine being leased was operated in New York and the parties agreed that New York law would govern. The defendant had no contact with the plaintiff until after Glennhill defaulted. He then conducted activities in New York which facilitated the plaintiff in recovering the machine. No activities were conducted by the defendant in New Jersey.

Under no view of the evidence were minimum contacts established sufficient to support an exercise of long-arm jurisdiction over the defendant by a New Jersey court. For this reason, the judgment is reversed. Lazer, J. P., Mangano and Niehoff, JJ., concur.

Gibbons, J., concurs in the result with the following memorandum:

Having already determined that there was no jurisdictional predicate for the exercise of personal jurisdiction over the nonresident defendant by the courts of the State of New Jersey in the underlying New Jersey action, it is my belief that it is unnecessary for us to go any further on this appeal and adjudicate the propriety of the purported service upon the defendant in that action by a member of the Nassau County Sheriff's Department.

Were we to reach the issue, however, I believe that we would be forced to conclude that the purported service was itself invalid, as the plaintiff has failed to establish that the alleged agent, Joseph Leshen, was actually appointed as such by his presumed principal (the defendant) *for the specific purpose of receiving process,* as is apparently required under New Jersey law where service is attempted pursuant to rule 4:4-4 (a) of that State's Rules of Civil Practice "by delivering a copy of the summons and complaint * * * to a person authorized by appointment * * * to receive service of process on [the defendant's] behalf" (*see, Local 617, Intl. Bhd. v Hudson Bergen Trucking Co.,* 182 NJ Super 16, 440 A2d 18; *see also, United States v*

*Marple Community Record,* 335 F Supp 95). Under such circumstances, neither the alleged agent's acceptance of service, nor his own statement regarding his authorization to do so, is legally sufficient to establish his authority, even in those cases in which the redelivery of process to the principal is ultimately accomplished (*see, Local 617, Intl. Bhd. v Hudson Bergen Trucking Co., supra; United States v Marple Community Record, supra; cf. O'Connor v Altus,* 67 NJ 106, 335 A2d 545; *McCarthy v Langston,* 23 FRD 249; *Koninklijke Luchtvaart Maatschappij v Curtiss-Wright Corp.,* 17 FRD 49).

Accordingly, although it is unnecessary to do so, I believe that a reversal could be predicated on this ground as well.