CLEOPATRA KOHLIQUE,
INC., Plaintiff,

v.

NEW HIGH GLASS, INC., Defendant.

NEW HIGH GLASS, INC.,
Third-Party Plaintiff,

v.

FITAL DI RICHETTA PAOLA &
C.S.A.S., Third-Party Defendant.

No. 86 CV 412.

United States District Court,
E.D. New York.

Jan. 29, 1987.

Rosenberg & Tulis, New York City by Allan E. Mayefsky, for plaintiff.

Holtzmann, Wise & Shepard, New York City by Paula C. Dicks, for defendant and third-party plaintiff.

Gaetano D'Antona, Mamaroneck, for third-party defendant.

PLATT, District Judge.

This is a motion to dismiss the complaint and third-party complaint against Fital Di Richetta & C.S.A.S. pursuant to Fed.R. Civ.P. 12(b)(2) for lack of *in personam* jurisdiction. For the reasons set forth below, the motion is denied.

*Background*

Plaintiff Cleopatra Kohlique, Inc. ("Cleopatra") manufactures and distributes cosmetic products. According to plaintiff's amended complaint, in August 1984 Cleopatra ordered 1,000,000 mascara cases from defendant New High Glass, Inc. ("New High") for use in the manufacture and sale of Cleopatra's mascara product. Cleopatra intended to fill the mascara cases with liquid mascara. Plaintiff alleges that the mascara cases were defective in that they were designed to hold cream, not liquid, mascara.

Count I of the complaint asserts that New High breached its express and implied warranties of merchantability and fitness for a particular use. Count II seeks a declaratory judgment that Cleopatra is not obligated to pay New High for the defective mascara cases. Count III asserts that New High and third-party defendant Fital Di Richetta Paola & C.S.A.S. ("Fital"), the manufacturer of the cases, falsely and intentionally misrepresented to Cleopatra that the cases were designed to hold liquid mascara or that any defects would be rectified, thereby inducing additional orders of such cases. Cleopatra alleges in its opposition papers that as a result of this fraud it suffered the loss of New York based customers.

As to the third-party complaint, New High seeks indemnification from Fital for any liability New High may be found to have to Cleopatra as a result of the order of Fital's mascara cases. New High and Fital apparently contracted in Italy for the supply of the mascara cases to New High. The contract provided for the goods to be shipped F.O.B. Milan. However, it is undisputed that Fital knew the goods were being shipped to New York and, in fact, assisted with the shipment.

Fital moves to dismiss the direct complaint and the third-party complaint for lack of *in personam* jurisdiction asserting that neither Cleopatra nor New High has met its burden of showing that the Due Process Clause and the New York long arm statute have been satisfied.

*Discussion*

In this federal diversity action, Fital's amenability to suit is to be determined according to the law of New York State. *Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir.1963). The plaintiff and the third-party plaintiff here must establish a prima facie showing that Fital is subject to such jurisdiction. *Volkswagenwerk v. Beech Aircraft Corp.*, 751 F.2d 117 (2d Cir.1984).[1] The Court must separately analyze the basis for jurisdiction over Fital with respect to Cleopatra's fraud claim and New High's contract claim although these claims may arise from common acts by Fital. Jurisdiction over the fraud claim may not hang on the coattails of the contract claim. *Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 324, 402 N.E.2d 122, 425 N.Y.S.2d 783 (1980); *see also Interface Biomedical Laboratories Corp. v. Axiom Medical, Inc.*, 600 F.Supp. 731 (E.D.N.Y.1985).

Cleopatra and New High both seek to premise a finding in support of the exercise of jurisdiction on New York's long arm statute, section 302(a) of the New York Civil Practice Law and Rules ("N.Y.C.P.L.R."). As the reach of the long arm statute is in some respects narrower and in other respects broader than the constitutionally permissible outer limits of the Due Process Clause, it is necessary to determine whether the exercise of jurisdiction here will satisfy both. *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.*, 439 F.2d 428 (2d Cir.1971); *Interface*, 600 F.2d at 734.

*The Fraud Claim*

Cleopatra asserts as one basis for the exercise of jurisdiction as to its fraud claim N.Y.C.P.L.R. § 302(a)(3)(ii), which provides:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who ...

(3) commits a tortious act without the state causing injury to person or property within the state ... if he ...

(ii) expects or should reasonably expect the act to have New York consequences and derives substantial revenue from interstate or international commerce.

Plaintiff says that Fital's fraudulent representation constitutes a tortious act committed outside New York causing injury in New York by virtue of the loss of New York customers, that Fital should reasonably have expected New York consequences and that Fital derives substantial revenue from interstate or international commerce. Fital contends that any injury it may have caused occurred outside New York.

■ It is settled law in New York that where a defendant makes a misrepresentation outside of New York intending that it be relied upon within New York, the tort has been committed outside New York for jurisdictional purposes. *Marine Midland Bank v. Keplinger & Associates*, 488 F.Supp. 699 (S.D.N.Y.1980). Thus, Fital's alleged misrepresentation constitutes a tort committed outside New York.

Next, plaintiff must allege injury within New York. Although it is often difficult to determine the situs of a commercial injury, it is clear in the present case that plaintiff has sufficiently asserted a New York based

---

1. At this early stage of litigation plaintiff need only establish a prima facie showing of jurisdiction to defeat a motion to dismiss. As stated by the Second Circuit:

> When the question of jurisdiction is determined by the district court on the basis of affidavits and other documentary material the plaintiff need only make a prima facie showing of jurisdiction in order to defeat, temporarily, a motion to dismiss. *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981) ("Eventually, of course, the plaintiff

must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. But until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party to defeat the motion."); *Visual Sciences, Inc. v. Integrated Communications, Inc.*, 660 F.2d 56, 57 (2d Cir.1981).

*Mayes v. Leipziger*, 674 F.2d 178, 182 at n. 3 (2d Cir.1982).

injury. The Second Circuit has recognized that in locating the situs of a commercial injury the place where the plaintiff lost business is the most apt standard. *American Eutectic*, 439 F.2d at 433, *quoting Spectacular Promotions, Inc. v. Radio Station WING*, 272 F.Supp. 734, 737 (E.D. N.Y.1967); *Morse Typewriter Co. v. Samanda Office Communication, Ltd.*, 629 F.Supp. 1150 (S.D.N.Y.1986); *Sybron Corp. v. Wetzel*, 46 N.Y.2d 197, 385 N.E.2d 1055, 413 N.Y.S.2d 127 (1978). Here plaintiff alleges, and submits evidence in support thereof, that it has lost at least some New York business as a result of the alleged fraud. Plaintiff's Exhibit A to Mintz Affidavit in Opposition to Motion to Dismiss. Plaintiff does not simply assert that its New York injury derives from the fact of its domicile here. *See Sybron v. Wetzel, supra; Hargrave v. Oki Nursery, Inc.*, 636 F.2d 897 (2d Cir.1980); *Trafalgar Capital Corp. v. Oil Producers Equipment Corp.*, 555 F.Supp. 305 (S.D.N.Y.1983). Even if plaintiff was domiciled in another State, the loss of New York customers would constitute a New York injury. *Interface*, 600 F.Supp. at 740. Therefore, we find that the element of an injury in New York is satisfied.

■ Once we determine that plaintiff has sufficiently alleged the commission of a tort outside New York causing injury within New York we must determine whether defendant should reasonably have expected New York consequences. *American Eutectic*, 439 F.2d at 434. We find that both the Due Process Clause and the statutory requirement that defendant should reasonably expect New York consequences are satisfied. If the evidence at trial in fact shows that Fital fraudulently induced Cleopatra to purchase additional mascara cases, Fital should have reasonably expected Cleopatra to be injured in New York, where Fital was shipping the goods. Fital's intentional shipment of the goods into New York State negates a finding that injury in New York was simply fortuitous. It is not necessary that defendant foresee the specific event producing injury in New York; it is sufficient that the defendant foresee the possibility of forum consequences generally. *See Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 425 N.Y.S.2d 783, 402 N.E.2d 122 (1980). Had the goods in question caused physical injury in New York Fital would have no claim that such injury was unforeseeable. Despite the commercial nature of the injury in question we find that under the facts alleged both the statutory requirement of foreseeability and the due process requirement of purposeful activity giving rise to a reasonable anticipation of being haled into a New York court are satisfied. *See Vecchio v. S & T Manufacturing Co.*, 601 F.Supp. 55 (E.D.N.Y.1984).

As Fital does not dispute that the other requirements of § 302(a)(3)(ii) are satisfied we need not determine these issues. Accordingly, the motion to dismiss Cleopatra's fraud claim is denied.

*The Contract Claim*

■ New High premises a finding of *in personam* jurisdiction as to its third-party claim for indemnity on N.Y.C.P.L.R. § 302(a)(1), which provides in part:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who ...

(1) ... contracts anywhere to supply goods ... in the state.

New High has established that New High and Fital entered a contract outside New York for the supply of mascara cases and that the claim here arises out of that contract. Despite Fital's attempt to persuade us otherwise, it is apparent from Fital's own admissions that Fital knowingly and intentionally shipped the goods, or a portion thereof, to New York. Therefore, the requirements of § 302(a)(1) are satisfied. *See West Mountain Corp. v. Seasons of Leisure International, Inc.*, 82 A.D.2d 931, 440 N.Y.S.2d 729 (App. Div.1981).

Defendant's reliance on *Tonn's v. Spiegel's*, 90 A.D.2d 548, 455 N.Y.S.2d 125 (2d

1982), for the proposition that where the manufacturer has no control as to the ultimate destination of the goods it may not be subjected to New York's jurisdiction is unpersuasive. Fital Memorandum of Law in Support of Motion to Dismiss at p. 4. *Tonn's*, in fact, supports a finding of jurisdiction where, as here, the defendant's actions comply with the plain language of the statute requiring an intentional shipment of goods into New York. *Tonn's* also supports our finding below that by virtue of the intentional shipment of goods into New York defendant has purposefully invoked the benefits and protections of New York law, rendering it fair and reasonable to assert jurisdiction under the Due Process Clause.

■ Although the New York courts have not yet decided whether the existence of an F.O.B. clause in a contract affects a New York court's power to exercise its jurisdiction, *see Island Wholesale Wood Supplies, Inc. v. Blanchard Industries, Inc.*, 101 A.D.2d 878, 476 N.Y.S.2d 192 (App.Div. 1984), we do not believe such a clause dictates a different result. *See Foster Importing Co. v. Creative Food*, No. 83 Civ. 1782 (S.D.N.Y. March 14, 1984). Section 302(a)(1) was enacted to abrogate the "mere shipment" rule and we do not believe the New York State legislature intended to allow potential defendants to escape the reach of the long arm statute by inserting such terms into their contracts. Although risk of loss may have passed in Milan, it does not alter the practical reality that Fital contracted to supply, and did in fact ship, goods into New York. This activity places this case squarely within § 302(a)(1).[2]

■ As indicated above, we find that the exercise of jurisdiction here comports with the "traditional notions of fair play and substantial justice" described by the Supreme Court in *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). To assert jurisdiction we must find that defendant has the requisite minimum contacts with the forum State rendering it fair and reasonable to require the defendant to defend itself here. *Id.* Although the quantity and quality of contacts necessary to sustain jurisdiction is a gray area with innumerable shades, *see Estin v. Estin*, 334 U.S. 541, 545, 68 S.Ct. 1213, 1216, 92 L.Ed. 1561 (1948), we believe the balance of factors in the instant case weighs in favor of the exercise of jurisdiction.

Fital admittedly participated in numerous shipments of goods to New High in New York over the course of at least five months, Exhibit B to Dicks Affidavit (Fital response to Interrogatory Question No. 1), and was aware that the goods were going to New York. Fital Response to Interrogatory No. 2. As recognized in *Alan Lupton Associates v. Northeast Plastics, Inc.*, 105 A.D.2d 3, 482 N.Y.S.2d 647, 650–51 (App. Div.1984), the shipment by defendant of goods to New York on an order solicited by plaintiff pursuant to contract is an act by which defendant has voluntarily and purposefully availed itself of the privilege of transacting business in New York.

■ Fital estimates that up to ten percent of its products are sold in the United States and that approximately half of these goods were sold or shipped into New York. Richetta Deposition at p. 31. In fact, although New High is not located in New York, Fital believed that the goods were being shipped to New High's New York branch.[3] Richetta Deposition at p. 46. Fital's reliance on New High to serve, direct-

2. Fital argues that the exercise of jurisdiction here would be improper because Fital has not transacted business, nor is it "doing business," in New York. This argument fails to recognize that N.Y.C.P.L.R. § 302 provides a jurisdictional basis wholly independent from jurisdiction based on a New York presence. Moreover, § 302(a)(1) was amended to expand the reach of the long arm statute beyond acts arising out of the transaction of business in New York to include claims arising out of contracts entered anywhere to supply goods in New York. As plaintiff does not attempt to premise jurisdiction on a finding that Fital was transacting or doing business in New York we do not address these issues.

3. That plaintiff is not a New York resident does not mitigate against a finding of jurisdiction. It is the minimum contacts of the defendant that

ly or indirectly, the New York market is further underscored by its referral to New High of New York customers interested in purchasing Fital's product. Richetta Deposition at p. 46. Fital's participation in the preparation of shipping labels with a New York destination and directing the air freight company to ship the goods to New York constitutes purposeful New York activity by Fital independent of the unilateral acts of New High.[4] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Although Fital's contacts may not be sufficient to support jurisdiction over a cause of action unrelated to those contacts, where, as here, the cause of action arises out of the defendant's contacts with the forum State jurisdiction may properly be asserted.

Accordingly, Fital's motion to dismiss the third-party complaint is denied.

SO ORDERED.

are significant, not the contacts of plaintiff. The relevant inquiry is to focus on the relationship between the defendant, the forum and the litigation. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).

**4.** Fital's reliance on *Haar v. Armendaris Corp.*, 40 A.D.2d 769, 337 N.Y.S.2d 285 (1st Dep't 1972), *reversed*, 31 N.Y.2d 1040, 342 N.Y.S.2d 70, 294 N.E.2d 855 (1973), is misplaced. In *Haar*, plaintiff sought to assert its own New York acts as agent for the defendant as the purposeful New York acts of the defendant. It is well settled, however, that an agent may not assert its own acts on behalf of the principal as the basis of jurisdiction over that principal. In the instant action both parties deny any agency relationship. Therefore *Haar* is not applicable.