■ PARADISE PRODUCTS CORP., Respondent-Appellant, v ALL-MARK EQUIPMENT CO., INC., Respondent, and CARMEL EQUIPMENT CO., Appellant-Respondent.—In an action, inter alia, to recover damages for breach of contract, the defendant, Carmel Equipment Co. (hereinafter Carmel) appeals from an order of the Supreme Court, Queens County (Hyman, J.), dated December 23, 1986, as denied its motion to dismiss the complaint as against it for lack of personal jurisdiction, and the plaintiff appeals from so much of the same order, as, after a hearing, granted the motion of the defendant Allmark Equipment Co. (hereinafter Allmark) to dismiss the complaint insofar as it is asserted against it for lack of personal jurisdiction.

Ordered that the order is modified, on the law and facts, by deleting the provision thereof denying the defendant Carmel's motion to dismiss plaintiff's complaint as against it, and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with one bill of costs to the defendants.

The plaintiff, a New York corporation, contacted Carmel, a New Jersey corporation, by telephone seeking to purchase a 500-gallon copper kettle. Carmel indicated that it did not have such a kettle but offered to attempt to locate one. Carmel contacted Allmark, also a New Jersey corporation, which had a 500-gallon kettle in its yard in New Jersey. After learning from Carmel, again by telephone, that a kettle had been found, two of the plaintiff's representatives traveled to New Jersey and met with Carmel's president. Together they traveled to Allmark's New Jersey yard and examined the kettle.

The plaintiff agreed to purchase the kettle, but wanted to avoid paying a $150 delivery charge. Accordingly, the plaintiff arranged to have the kettle picked up rather than delivered. It was later found to contain pinholes which rendered it useless for the plaintiff's business.

The due process standards that govern the determination of whether a nonresident defendant is amenable to suit under the forum State's long-arm statute have as their guidepost the fundamental notion that the defendant have certain "minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' " *(International Shoe Co. v Washington,* 326 US 310, 316). The plaintiff, in essence, argues that regardless of who picked up the kettle, Allmark contracted to supply it in New York and as such should be amenable to suit in this State *(see,* CPLR 302 [a] [1]). The plaintiff argues that since Allmark knew the kettle would eventually be delivered to New York, the fact that it did not actually ship it is irrelevant. We conclude to the contrary.

Knowledge that a product may be destined for a particular forum is insufficient, in the context of this case, to sustain jurisdiction. Here, title to the property passed in New Jersey. The plaintiff agreed to assume responsibility for shipping the product to New York. In *Cooperstein v Pan-Oceanic Mar.* (124 AD2d 632, 633, *lv denied* 69 NY2d 611), involving a loan transaction, this court noted that the defendant did not contract to supply goods or services within New York where it made a loan to the New York plaintiff and sent the proceeds to Florida, because "while the loan was made to a New York resident, the proceeds were not supplied within New York, even though Mutual [the defendant] knew that some of the proceeds might find their way to this State" *(see also,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 302.11a).

The instant sale, being the only purported contact with the State of New York, cannot support the exercise of jurisdiction by the courts of this state. It cannot be said that Allmark's conduct and connections with New York are such that it should reasonably have anticipated being haled into court here *(see, World-Wide Volkswagen Corp. v Woodson,* 444 US 286). Nor can it be said that Allmark purposefully availed itself of the privilege of conducting activities here *(see, Etra v Matta,* 94 AD2d 581, *affd* 61 NY2d 455).

Similarly, Carmel's contacts with the State of New York are insufficient to support jurisdiction. Carmel's only contact with New York was by telephone. Initially, the plaintiff contacted

Carmel and thereafter Carmel contacted the plaintiff to finalize the transaction. It has been held repeatedly that interstate negotiations by telephone are not contacts that subject a defendant to jurisdiction at the instance of the New York party receiving them (see, Glassman v Hyder, 23 NY2d 354; J. E. T. Adv. Assocs. v Lawn King, 84 AD2d 744). The Supreme Court, Queens County, held that Carmel was the plaintiff's agent and that the agency was created in New York. The record, however, does not include evidence of the requisite minimum contacts to sustain jurisdiction (International Shoe Co. v Washington, supra). Moreover, agency, in and of itself, is insufficient to support jurisdiction (Birmingham Fire Ins. Co. v KOA Fire & Mar. Ins. Co., 572 F Supp 962 [SD NY]). Accordingly, Carmel's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as it is asserted against it should have been granted. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.