■ FINESURGIC INC. et al., Appellants, v GERALD E. DAVIS et al., Respondents.—In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCabe, J.), entered September 23, 1987, which granted the defendants' motion to dismiss the complaint for lack of personal jurisdiction and an order of the same court, dated May 27, 1988, which denied their motion to renew.

Ordered that the orders are affirmed, with one bill of costs.

We agree with the Supreme Court that there is no basis upon which personal jurisdiction can be exercised over the defendants. The due process standards that guide courts in determining whether a nonresident defendant is amenable to suit under the forum State's long-arm statute have as their linchpin the fundamental notion that the defendant have " 'minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice" ' " *(Martinez v American Std.,* 91 AD2d

652, 653, *affd* 60 NY2d 873, quoting from *International Shoe Co. v Washington,* 326 US 310, 316; *Paradise Prods. Corp. v Allmark Equip. Co.,* 138 AD2d 470).

CPLR 302 (a) (1), the provision in issue on this appeal, authorizes the court to exercise jurisdiction over nondomiciliaries for tort and contract claims arising from a defendant's transaction of business in this State. While this is a "single act statute" and proof of one transaction in New York is sufficient to invoke jurisdiction, the defendant's activities must be purposeful and there must be a substantial relationship between the transaction and the claim asserted *(see, Kreutter v McFadden Oil Corp.,* 71 NY2d 460; *Reiner & Co. v Schwartz,* 41 NY2d 648, 651-652).

In the instant case, the defendants' sole connection with New York was the defendant Gerald E. Davis' contractual relationship with the plaintiff New York corporation. The negotiations for the contract and Davis' execution of same took place in Florida. All services provided by Davis under the contract were performed in Florida. Thus, the defendants engaged in no purposeful activities in New York in relation to their transaction with the plaintiffs *(see, Kreutter v McFadden Oil Corp., supra,* at 467). Under such circumstances, we find that the totality of the defendants' actions do not amount to a purposeful invocation of the benefits and protection of the laws of New York *(see, Hanson v Denckla,* 357 US 235; *Cooperstein v Pan-Oceanic Mar.,* 124 AD2d 632, *lv denied* 69 NY2d 611), and that their contacts with New York are insufficient to support jurisdiction *(see, International Shoe Co. v Washington,* 326 US 310, *supra; Paradise Prods. Corp. v Allmark Equip. Co.,* 138 AD2d 470, *supra).*

We have examined the plaintiffs' remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Bracken and Kunzeman, JJ., concur.