■ ANDERSON DEVELOPMENT CORPORATION, Appellant, v ISO-REG CORPORATION, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Kahn, J.), entered March 1, 1989 in Albany County, which denied plaintiff's motion to dismiss an affirmative defense in the answer.

Plaintiff commenced this action, alleging breach of contract, breach of warranty, fraud and negligence, to recover for damages sustained in connection with defendant's manufacture, sale and delivery to plaintiff of a transformer. Service was effected upon defendant, a Massachusetts corporation, in Massachusetts. Defendant's answer asserted, *inter alia,* the affirmative defense of lack of jurisdiction. Plaintiff moved to dismiss the defense upon the ground that defendant subjected itself to New York jurisdiction by entering into a contract to supply goods in this State *(see,* CPLR 302 [a] [1]). Supreme Court denied the motion; plaintiff appeals.

We reverse. It is undisputed that defendant manufactured, sold and shipped the transformer and additional replacement equipment to plaintiff in New York. Under CPLR 302 (a) (1), Supreme Court may exercise personal jurisdiction over any nondomiciliary who "transacts any business within the state or *contracts anywhere to supply goods or services in the state"* (emphasis supplied). The emphasized language was added in 1979 (L 1979, ch 252, § 1) in order to abrogate the "mere shipment" rule established by prior case law *(West Mountain Corp. v Seasons of Leisure Intl.,* 82 AD2d 931) and was proposed to extend New York's long-arm jurisdiction to its constitutional limits (1979 Report of NY Law Rev Commn, 1979 McKinney's Session Laws of NY, at 1450-1453; *see, Island Wholesale Wood Supplies v Blanchard Indus.,* 101

AD2d 878, 879). Under the current law, New York courts may exercise jurisdiction over a nondomiciliary who contracts outside this State to supply goods or services in New York so long as the cause of action arose out of that contract *(see, Lupton Assocs. v Northeast Plastics,* 105 AD2d 3, 6).

Plaintiff's purchase contract and defendant's sales order and bill of lading all provide for shipment to New York and defendant collected New York sales tax in connection with the transaction, establishing its knowledge that the equipment was destined for New York. By shipping the goods to New York, defendant not only created a jurisdictional predicate under CPLR 302 (a) (1) *(see, Drake Am. Corp. v Speakman Co.,* 144 AD2d 529, 530-531; *Tonns v Spiegel's,* 90 AD2d 548, 549-550; *see also, Davidson Pipe Supply Co. v G.W. Sales,* 685 F Supp 332; *cf., Paradise Prods. Corp. v Allmark Equip. Co.,* 138 AD2d 470, 471; *Cooperstein v Pan-Oceanic Mar.,* 124 AD2d 632, 633, *lv denied* 69 NY2d 611; *Augsbury Corp. v Petrokey Corp.,* 97 AD2d 173, 176-177), it also established the constitutionally required "minimum contacts" *(International Shoe Co. v Washington,* 326 US 310, 316) and satisfied due process requirements by purposely availing itself of the privilege of conducting activities in New York, invoking the benefits and protections of its laws *(Hanson v Denckla,* 357 US 235, 253; *see, McGee v International Life Ins. Co.,* 355 US 220, 222-223; *American Natl. Bank & Trust v Alba,* 111 AD2d 294, 297-298). Defendant's conduct and connection with New York was such that it should have reasonably anticipated being "haled into court" here *(World-Wide Volkswagen Corp. v Woodson,* 444 US 286, 297; *see, Burger King Corp. v Rudzewicz,* 471 US 462, 474-475; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 302.11a).

Finally, recognizing that the jurisdictional significance of delivery terms has been an area of great conflict *(see, Island Wholesale Wood Supplies v Blanchard Indus.,* 101 AD2d 878, 879, *supra),* we reject the assertion that shipment of the equipment F.O.B. defendant's place of business acted to divest New York of jurisdiction. The technical transfer of risk of loss in Massachusetts *(see,* UCC 2-319) notwithstanding, the fact remains that defendant contracted to supply, and did in fact ship, goods into New York, thereby placing the case squarely within CPLR 302 (a) (1) *(see, Cavalier Label Co. v Polytam, Ltd.,* 687 F Supp 872; *Cleopatra Kohlique, Inc. v New High Glass,* 652 F Supp 1254, 1257-1258). Defendant has not come forward with anything which indicates to us that the Legislature intended to give any jurisdictional import to such delivery terms, and the 1979 amendment to CPLR 302 (a) (1),

requiring only that defendant contract to supply goods in the State, whether actually shipped or not, would indicate to the contrary *(see, Cavalier Label Co. v Polytam, Ltd., supra; Drake Am. Corp. v Speakman Co., supra,* at 531).

Order reversed, on the law, with costs, motion granted and first affirmative defense contained in the answer dismissed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.