■ SBR REALTY CORP. et al., Appellants, v PAVE-MARK CORPORATION, Respondent.—In an action to recover damages for conversion and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), entered February 7, 1990, which granted the defendant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

The defendant is a Florida corporation, with its sole place of business in Atlanta, Georgia. In February 1988, Decade Striping Company (hereinafter Decade), placed an order with the defendant for certain equipment. The defendant sent Decade a written acknowledgment which indicated that all materials would be shipped "F.O.B. Atlanta". The acknowledgment also informed Decade that a deposit of one-third of the price was required before fabrication of the equipment would begin.

The defendant received a transmittal letter from Decade dated February 22, 1988. Enclosed was a deposit check for $18,500. The check was that of the plaintiff Sealer Supply Company, Inc. (hereinafter Sealer).

On April 19, 1988, the plaintiff SBR Realty Corp. (hereinafter SBR), informed the defendant, by telephone, that it would be paying for the equipment which Decade was purchasing.

SBR requested two invoices, in its name, before it could remit payment. These invoices stated "F.O.B. Atlanta". However, these invoices also indicated that the equipment would be shipped to SBR's address in New York.

On the same day, SBR issued its check for the entire purchase price of $57,749.40. Through a bookkeeping error, SBR failed to deduct the $18,500 deposit that had been made in February.

In January of 1989, SBR discovered the overpayment. The defendant received a letter from Sealer's attorney dated March 16, 1989, requesting the return of its $18,500 overpayment. The defendant denied any overpayment, and claimed that Decade had instructed the defendant to apply the $18,500 towards Decade's other accounts.

The plaintiffs commenced this action for conversion of funds and breach of contract. The defendant moved to dismiss the complaint for lack of jurisdiction. The Supreme Court granted the defendant's motion and dismissed the complaint.

The plaintiffs argue on appeal that the defendant is subject to New York jurisdiction pursuant to CPLR 302 (a) (1), which confers jurisdiction on a non-domiciliary who contracts to supply goods or services in New York State. The plaintiffs admit that the invoices stated "F.O.B. Atlanta". However, the plaintiffs argue that that delivery term has little or no jurisdictional import. Rather, the plaintiffs claim that because the invoices indicated that the materials were to be shipped to New York, the defendant's knowledge that the materials were destined for New York was a sufficient basis to justify the exercise of jurisdiction by the courts of this State over the defendant. We disagree.

. This court has held that delivery terms such as "f.o.b." are to be given little or no jurisdictional import *(see, Drake Am. Corp. v Speakman Co.,* 144 AD2d 529, 531). The inclusion of such terms in a contract does not automatically mean that the defendant will not be subject to personal jurisdiction in New York. Rather, to determine whether a basis for the exercise of jurisdiction exists, a court must look at the totality of the defendant's actions to determine whether the defendant purposefully invoked the benefits and protections of the laws of New York *(see, Hanson v Denckla,* 357 US 235; *Finesurgic Inc. v Davis,* 148 AD2d 414, 415).

In the present case, the only contact that the defendant had with the State of New York was the knowledge that its goods were destined for this State. Knowledge that a product may be

destined for a particular forum, in and of itself, is insufficient to sustain jurisdiction *(see, Paradise Prods. Corp. v Allmark Equip. Co.,* 138 AD2d 470).

The plaintiffs' argument that the defendant is subject to jurisdiction in New York pursuant to CPLR 302 (a) (3) is similarly without merit. The $18,500 deposit which is the subject of this dispute was paid by Sealer on behalf of Decade. However, as there was never any agreement between the defendant and Sealer, Sealer's injury is not the type of direct injury which is required to serve as a basis for the exercise of jurisdiction under CPLR 302 (a) (3) *(see, Cooperstein v Pan-Oceanic Mar.,* 124 AD2d 632, 634).

Further, the defendant did not commit a tort against SBR. SBR received the materials that it paid for. That a closely related company, Sealer, lost the deposit it made on behalf of Decade, does not mean that the defendant converted SBR's funds.

The appellants' remaining contention is without merit. Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.