■ MICHAEL TORRIONI, Respondent, v UNISUL, INC., Appellant, et al., Defendants. (And Two Other Actions.)—Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 11, 1990, which granted plaintiff's motion pursuant to CPLR 3211 to dismiss the affirmative defense of lack of personal jurisdiction asserted in the verified answer of defendant UNISUL, Inc. ("UNISUL"), and which denied defendant UNISUL's cross-motion for summary judgment pursuant to CPLR 3212 dismissing the complaint, unanimously affirmed.

Order of the same court and same Justice, entered August 31, 1990, which granted defendant UNISUL's motion for reargument and which, upon reargument, adhered to the court's prior determination, unanimously affirmed, with one bill of costs.

Plaintiff was injured at a New York construction site while operating a poly-spray machine, which was designed, manufactured, sold and distributed by defendant UNISUL, a Florida Corporation with its principal place of business in Winter

Haven, Florida. In its answer to the amended verified complaint, which seeks damages for, *inter alia,* negligence, breach of warranty, and strict products liability, UNISUL asserted as an affirmative defense lack of personal jurisdiction.

Defendant UNISUL is subject to long-arm jurisdiction under CPLR 302 (a) (1), permitting the courts of this State to exercise personal jurisdiction over any non-domiciliary who, in person or through an agent "transacts any business within the state or contracts anywhere to supply goods or services in the state", since defendant UNISUL manufactured a machine in Florida which allegedly caused an injury in New York, contracted to sell that and other machines to New York purchasers for use in New York, and subsequently arranged for direct shipment of those machines *(see, Anderson Dev. Corp. v Isoreg Corp.,* 154 AD2d 859). Similarly, defendant UNISUL is subject to long-arm jurisdiction under CPLR 302 (a) (3) (ii), since defendant UNISUL could have foreseen that the sale and delivery of the machine, as well as parts therefor, to a New York company would have consequences in this State and since defendant UNISUL, through the sale of its machines *via* an 800 "Hot-Line" number, derived substantial revenue from interstate and international commerce *(Tonns v Spiegel's,* 90 AD2d 548).

We have reviewed defendant UNISUL's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach and Kassal, JJ.