(August 24, 2000)

■ Louis P. Carpino et al., Appellants, v National Store Fixtures, Inc., et al., Appellants, and Conner Industries, Inc.,* Respondent. [712 NYS2d 684] —Lahtinen, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered November 4, 1999 in Ulster County, which granted a motion by defendant Conner Industries, Inc. to dismiss the amended complaint against it for lack of personal jurisdiction.

Plaintiff Louis P. Carpino (hereinafter plaintiff) was injured while assisting in the construction of his employer's warehouse when the piece of wood he was standing on broke, causing him to fall five feet to the floor level and sustain serious injuries. Plaintiff and his wife, derivatively, commenced this action against the general contractors for the construction, defendants National Store Fixtures, Inc. and United Fixtures Company (hereinafter collectively referred to as defendants), alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).

An amended complaint added a products liability cause of action against defendant Conner Industries, Inc. as the supplier of the allegedly defective board which collapsed under plaintiff. Service on Conner was effected by delivery of the amended summons and complaint to a general office worker at Conner's Ohio plant. Defendants thereafter interposed a cross claim against Conner. Conner responded to the amended complaint with a preanswer motion to dismiss asserting lack of

---

* Conner Industries, Inc. was improperly spelled in the moving papers and throughout the action.

personal jurisdiction (CPLR 3211 [a] [8]). Supreme Court found that plaintiffs failed to establish that Conner, a Delaware corporation with its principal place of business in Fort Worth, Texas, had minimal contacts with New York sufficient to sustain personal jurisdiction and dismissed the amended complaint against Conner, finding it unnecessary to reach Conner's improper service argument. Plaintiffs and defendants appeal.

We affirm. Plaintiffs' amended complaint, as it pertained to Conner, alleged that it is a foreign corporation that "did substantial business * * * did cause products and services to emanate through the United States * * * did derive substantial income and benefits from activities which they could reasonably anticipate to cause harm and generate revenue * * * in interstate commerce and specifically within the State of New York." Supreme Court found long-arm jurisdiction unsustainable under CPLR 302 (a) (1), which pertains to a nondomiciliary that transacts any business within the State or contracts anywhere to supply goods or services in the State. The court further found long-arm jurisdiction unsustainable under CPLR 302 (a) (3) (ii), which pertains where a nondomiciliary commits a tortious act without the State causing injury to person or property within the State if the nondomiciliary expects or should reasonably expect the act to have consequences in the State and derives substantial revenue from interstate or international commerce. On this record neither plaintiffs nor defendants have presented proof sufficient to permit New York to exercise personal jurisdiction over Conner.

Initially, we agree with Supreme Court that CPLR 302 (a) (1) does not provide a jurisdictional basis to hale Conner into New York. Conner's vice-president, Grady Payne, averred in his affidavit submitted in support of its motion that Conner neither sold any product in this State nor shipped any here. While plaintiffs and defendants correctly point out that shipment of a product F.O.B. Conner's plant will not cause divestiture of jurisdiction (*see, Anderson Dev. Corp. v Isoreg Corp.*, 154 AD2d 859), their reliance on the Kingston designation in the subject purchase order to establish jurisdiction under CPLR 302 (a) (1) (contracts anywhere to supply goods in the State) must be rejected since knowledge of a product's destination, in and of itself, has been determined insufficient to establish jurisdiction (*see, SBR Realty Corp. v Pave-Mark Corp.*, 175 AD2d 240, 241-242; *see also, Paradise Prods. Corp. v Allmark Equip. Co.*, 138 AD2d 470) and there has been no other proof of business transactions or contracts to supply goods or services within the State (*see, e.g., Courtroom Tel. Network v Focus Media*, 264 AD2d 351).

Next, conceding with some difficulty that the basic elements necessary to confer jurisdiction under CPLR 302 (a) (3) (ii) are present, the application of due process principles precludes a finding that New York may exercise jurisdiction over Conner (*see, LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210). Payne further stated in his affidavit that none of Conner's seven production facilities or three sales offices are in New York, Conner maintains no telephone listing or bank account in New York, to Conner's knowledge in 1997 and 1998 only three shipments of lumber to Lowe's (out of 47) were transported by Lowe's to New York, and only once in 1999 did Home Depot send a lumber shipment purchased from Conner to New York. These few purchases that found their way to New York accounted for less than 0.5% of the hundreds of millions of board feet of lumber sold and millions of dollars of gross revenue received by Conner in those years. There is no indication that Conner pursued any purposeful affiliation with New York and its connection with New York in this matter arose from Lowe's decision to transport Conner's product to one of its stores in New York.

For the courts of this State to exercise jurisdiction over a nondomiciliary foreign corporation, due process requires sufficient "minimum contacts" between the nondomiciliary and the forum State so that " 'traditional notions of fair play and substantial justice' " (*Asahi Metal Indus. Co. v Superior Ct.*, 480 US 102, 105, quoting *International Shoe Co. v Washington*, 326 US 310, 316) are not offended. While both of the above standards must be met to satisfy due process, we need only discuss Conner's "minimum contacts" with New York (*see, LaMarca v Pak-Mor Mfg. Co., supra*, at 216-217). A "minimum contacts" finding requires more than a reasonable expectation that a tortious foreign act will have New York consequences (*see, Schaadt v T.W. Kutter, Inc.*, 169 AD2d 969); it requires the foreseeability that one's product may make its way to New York "coupled with evidence of a purposeful New York affiliation" (*id.*, at 970; *see, Murdock v Arenson Intl. USA*, 157 AD2d 110, 114). This record is devoid of any proof that Conner acted in such a manner to " 'purposefully avail[ ] itself of the privilege of conducting activities within the forum State' " (*World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 297, quoting *Hanson v Denckla*, 357 US 235, 253), requiring our conclusion that Conner is not subject to the jurisdiction of New York courts.

Our agreement with Supreme Court that Conner is not subject to the jurisdiction of this State's courts renders our

review of the other arguments advanced by the parties unnecessary.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.