**GREAT NORTHERN INSURANCE COMPANY, as subrogee of FELIX SCHOELLER TECHNICAL PAPERS, INC. and Schoeller Technical Papers, Inc., Plaintiff–Appellant,**

v.

**CONSTAB POLYMER–CHEMIE GMBH & CO., Mohnetal 16, D. 59602 Ruthen/Mohne, Defendant–Appellee,**

**Ciba Specialty Chemicals Holding, Inc., Defendant.**

No. 02–9199.

United States Court of Appeals, Second Circuit.

Sept. 19, 2003.

Douglas B. Fox, Cozen O'Connor, Philadelphia, PA, for Plaintiff-Appellant.

Philip W. Crawford, Gibbons, Del Deo, Dolan, Griffinger & Vecchione (Eileen Quinn Steiner, on the brief), New York, NY, for Defendant-Appellee.

Present: MINER, STRAUB, and WESLEY, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby VACATED and the matter REMANDED for further proceedings.

Plaintiff-Appellant Great Northern Insurance Company ("Great Northern") as the subrogee of its insured, Felix Schoeller Technical Papers, Inc. ("Schoeller-USA"), appeals from the judgment of the United States District Court for the Northern District of New York (Howard G. Munson, *Judge*), dismissing Great Northern's complaint for lack of personal jurisdiction over Defendant-Appellee Constab Polymer-Chemie GmbH & Co. ("Constab") under New York's long-arm statute, N.Y. C.P.L.R. § 302(a). *See Great Northern Ins. Co. v. Constab Polymer-Chemie GMBH & Co.*, 2002 WL 31084727 (N.D.N.Y. Sept.17, 2002).

Constab is a German corporation with its principal place of business in Germany. In 1993, Constab entered into an agreement with Schoeller-USA's German parent company, Felix Schoeller GmbH & Co. KG ("Schoeller-Germany"), to "regularly suppl[y] products for the production of photo papers" to four of Schoeller-Germa-

ny's plants—including a plant located in Pulaski, New York.* The underlying claims in this action arise from Constab's alleged sale, distribution, and shipment to New York of a defective quantity of Masterbatch UV 1032 LD ("Masterbatch"), a chemical used in the manufacture of photographic papers. Schoeller-USA contends that the defective chemical caused its photographic paper to be commercially useless and that one of its major customers rejected its photographic paper as a result. Great Northern settled the customer's claims and subsequently brought this action as Schoeller's subrogee.

Prior to discovery, Constab moved to dismiss the complaint for lack of personal jurisdiction. The District Court granted the motion, concluding that Schoeller-USA had not alleged a *prima facie* case of jurisdiction under either N.Y. C.P.L.R. § 302(a)(1) or § 302(a)(3)(ii). *See Great Northern Ins. Co.*, 2002 WL 31084727 at *3–5, and this appeal followed.**

We review the District Court's dismissal for want of personal jurisdiction *de novo*. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir.2002). Because we conclude that Schoeller-USA has alleged a *prima facie* case of jurisdiction under the "contract[ing] ... to supply goods or services" prong of N.Y. C.P.L.R. § 302(a)(1), we vacate the judgment of the District Court and remand for further proceedings to determine if the exercise of jurisdiction comports with federal due process.

New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1), authorizes personal jurisdiction over any defendant who: "[1] transacts any business within the state or

---

* The other three plants were located in Germany.

** The District Court also dismissed all claims against defendant Ciba Spezialitatenchemie Lampertheim GmbH ("Ciba") for lack of personal jurisdiction. *See Great Northern Ins. Co.*, 2002 WL 31084727 at *2. Schoeller-USA is not appealing from that judgment.

[2] contracts anywhere to supply goods or services in the state" if the cause of action arises from these in-state activities. In this case, Schoeller–USA alleges that Constab shipped defective chemicals to New York pursuant to a supply contract which expressly provides for the regular delivery of products to a New York plant. Moreover, it appears that Schoeller–USA sent two purchase orders for Masterbatch to Constab, and that Constab sent the invoice for these orders directly to New York. As Schoeller–USA claims that "there was a contract to ship goods to New York ... and goods were shipped under that contract," it has alleged a prima facie case of jurisdiction under the "contracting to supply goods" prong of C.P.L.R. § 302(a)(1).*** *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.,* 264 F.3d 32, 37 (2d Cir.2001); *see also Anderson Dev. Corp. v. Isoreg Corp.,* 154 A.D.2d 859, 546 N.Y.S.2d 720, 722 (3d Dep't 1989) (where "[p]laintiff's purchase contract and defendant's sales order and bill of lading all provide for shipment to New York," establishing defendant's knowledge that its equipment "was destined for New York," jurisdiction was proper under C.P.L.R. § 302(a)(1)); *Alan Lupton Assocs. v. Northeast Plastics, Inc.,* 105 A.D.2d 3, 482 N.Y.S.2d 647, 651 (4th Dep't 1984) (concluding that a single shipment of buttons to New York was sufficient to confer jurisdiction under C.P.L.R. § 302(a)(1) where "the clear import of [the contract's] terms indicate[d] that performance was contemplated in New York").

Despite the shipment of Masterbatch into New York pursuant to the supply contract, Constab argues that the totality of the circumstances, including the fact that the contract was executed in Germany by two German corporations and the absence of any other direct ties to New York precludes the exercise of jurisdiction under C.P.L.R. § 302(a)(1). While courts may conduct this type of fact-specific inquiry in analyzing whether jurisdiction is proper under the "transacting business" prong of C.P.L.R. § 302(a)(1), *see Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.,* 98 F.3d 25, 29 (2d Cir.1996), such weighing is unnecessary under the more specific "contracting to supply goods" prong where there is an express contract to ship goods to New York, *see, e.g, Mario Valente Collezioni,* 264 F.3d at 37, as such a contract falls squarely within the statutory grant of jurisdiction.**** *See Cavalier Label Co. v. Polytam, Ltd.,* 687 F.Supp. 872, 877 (S.D.N.Y.1988). We therefore find that Schoeller–USA has adequately alleged a *prima facie* case of jurisdiction under C.P.L.R. § 302(a)(1).

Because the District Court determined that it could not exercise personal jurisdiction over Constab pursuant to C.P.L.R. § 302, it did not analyze whether the exercise of such jurisdiction would comport with federal due process. *See Mario Valente Collezioni,* 264 F.3d at 37–38. Due to the absence of relevant findings and the lack of a full factual record, we remand to allow the District Court to undertake the

---

*** Constab argues that § 302(a)(1) does not apply, because Schoeller–USA was not a party to the underlying supply contract. However, "[t]he plaintiff need not ... be in privity with the defendant in order to take advantage of the supply-of-goods-or-services prong of CPLR 302(a)(1)." Vincent C. Alexander, *Practice Commentaries,* 7B McKinney's Consol. Laws of New York, C.P.L.R. § 302 at 147 (2001) (citing cases).

**** The "transacting business" and "contracting to supply goods" prongs of C.P.L.R. § 302(a)(1) are analyzed separately and "either ... can form a basis for the exercise of personal jurisdiction." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 786 (2d Cir.1999).

necessary due process analysis. *See id.* at 38.

For the foregoing reasons, the judgment of the District Court is **VACATED** and the matter **REMANDED** to the District Court for further proceedings.