Redell-Witte v Algoma Hardwoods, Inc. (2023 NY Slip Op 06826)

Redell-Witte v Algoma Hardwoods, Inc.

2023 NY Slip Op 06826

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Kern, J.P., Oing, Gesmer, Moulton, Mendez, JJ. 

Index No. 190011/20 Appeal No. 1307 Case No. 2023-03839 

[*1]Holly Redell-Witte, Plaintiff-Respondent,
v
Algoma Hardwoods, Inc., et al., Defendants, T.M. Cobb Company, Defendant-Appellant.

Clyde & Co US LLP, New York (Thomas G. Carruthers of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Christopher Romanelli of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about July 24, 2023, which denied defendant T.M. Cobb Company's motion to dismiss the complaint for lack of personal jurisdiction pursuant to CPLR 3211(a)(8), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The court should have granted the motion to dismiss the complaint as against this defendant for lack of personal jurisdiction pursuant to CPLR 302(a)(2) because there is no evidence that the fire doors that allegedly caused decedent plaintiff's injury by exposing him to asbestos were manufactured in New York. To the contrary, the testimony revealed that defendant, a company incorporated in California, never manufactured any products outside of California. Thus, defendant did not commit a tortious act "within the state" to confer jurisdiction (see CPLR 302[a][2]; Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443, 458-466 [1965], cert denied sub nom. Estwing Mfg. Co. v Singer, 382 US 905 [1965]; SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25 [1st Dept 2023]).
Furthermore, there is insufficient evidence of defendant's requisite minimal contacts with New York to comport with due process in the exercise of personal jurisdiction over it (see Williams v Beemiller, Inc., 33 NY3d 523, 528 [2019]; Carpino v National Store Fixtures, 275 AD2d 580, 582 [3d Dept 2000]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2023