■ CYNTHIA A. SCHAADT, Respondent, v T. W. KUTTER, INC., Defendant, and KRAMER & GREBE, GMBH & COMPANY, KG, Appellant. (And a Third-Party Action.)—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered November 15, 1989 in Albany County, which, *inter alia,* denied a motion by defendant Kramer & Grebe, GMBH & Company, KG for summary judgment dismissing the complaint and all cross claims against it.

During the course of her employment, plaintiff injured her hand when she caught it in a meat packaging machine manufactured by defendant Kramer & Grebe, GMBH & Company, KG (hereinafter Kramer). Plaintiff instituted suit against Kramer and defendant T. W. Kutter, Inc. (hereinafter Kutter). After discovery, Kramer, a West German corporation, moved for summary judgment for lack of personal jurisdiction.

Supreme Court without explanation denied Kramer's motion and *sua sponte* ordered it to answer nine additional interrogatories directed at the jurisdiction issue. Kramer appeals. We agree with Kramer's contention that plaintiff has failed to meet her burden of establishing that Kramer is subject to this State's long-arm jurisdiction *(see, Connell v Hayden,* 83 AD2d 30, 34) and we therefore reverse.

Courts may exercise personal jurisdiction over a foreign corporation which: "commits a tortious act without the state causing injury to person or property within the state * * * if [the corporation] expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce" (CPLR 302 [a] [3] [ii] ). At issue is whether Kramer reasonably could have expected its allegedly tortious foreign act to have New York consequences *(see, Allen v Auto Specialties Mfg. Co.,* 45 AD2d 331, 333; *Tracy v Paragon Contact Lens Labs.,* 44 AD2d 455, 458). Plaintiff suggests that an admission made by a Kramer employee during his deposition, that he "presumed" that Kramer products were sold in New York, demonstrates that Kramer both anticipated and intended its product for New York consumption. This same employee, however, acknowledged that he had no personal knowledge of the sales

aspects of his employer's business. Moreover, Kramer's business manager stated, in response to plaintiff's interrogatories, that Kramer sold all of its products in the United States to Kutter, a Massachusetts corporation, and that he was unaware of the number of those products Kutter ultimately sold to New York vendees.

It is settled that the mere presence of the allegedly defective product in this State is not, in and of itself, sufficient to establish jurisdiction (see, World-Wide Volkswagen Corp. v Woodson, 444 US 286, 287, 299). Moreover, it is not enough that a defendant foresaw the possibility that its product would find its way here; foreseeability must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market (Martinez v American Std., 91 AD2d 652, 653-654, affd 60 NY2d 873; see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:24, at 113).

It is undisputed that Kramer had no direct contacts with New York. It is a West German corporation which sells all of its products to a company located in Massachusetts. The latter company then sells these products throughout the states (cf., Tonns v Spiegel's, 90 AD2d 548, 549; Prentice v Demag Material Handling, 80 AD2d 741, 742). Additionally, Kramer is neither registered nor authorized to do business in New York, and it has no property, bank accounts, offices or employees located within this State's boundaries. Accordingly, it is not subject to suit here (see, Martinez v American Std., supra).

Lastly, we note that the record is devoid of any support for plaintiff's belated suggestion that Kutter acted as Kramer's agent.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendant Kramer & Grebe, GMBH & Company, KG, and the complaint and all cross claims against said defendant dismissed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.