(February 28, 1991)

■ MAXINE LEVY, Appellant, v EDUCATIONAL RECORDS BUREAU, INCORPORATED, Respondent.—Order, Supreme Court, New York County (Irma V. Santaella, J.), entered December 6, 1989, which, *inter alia,* denied defendant's motion to dismiss the complaint for failure to state a cause of action and granted plaintiff's cross-motion to serve an amended complaint, unanimously reversed, on the law, to the extent appealed from by striking the court's finding that the amended complaint did not state a cause of action for slander *per se,* with costs.

Plaintiff brought an action against defendant for defamation and tortious interference with business relations based upon the following facts. Plaintiff, a duly-licensed teacher, was employed by the Coopers to tutor their pre-school age daughter, Samantha. On November 28, 1988, Samantha visited the premises of defendant where Lucille Porter, an employee of defendant, administered an aptitude test often used by private schools for admissions purposes. Upon learning that Samantha was tutored by plaintiff, Porter declared Samantha's test performance flawed. On or about January 12, 1989, Porter discussed the results of Samantha's test with the Coopers,

informing them that plaintiff was in the practice of "coaching" her pupils, that plaintiff was an "evil creature" and that in hiring plaintiff, the Coopers "had fallen victim to her prey." One of the causes of action in the amended complaint is for damages based upon slander *per se.*

Although the court held that plaintiff's action for defamation was legally sufficient, the court specifically found that Porter's statements did not constitute slander *per se* since the words in and of themselves did not discredit plaintiff in her profession as a teacher. We conclude that under the circumstances in which Porter uttered the statements and giving the words their natural connotations, defendant clearly imputed a lack of personal integrity to plaintiff as a tutor, which is *per se* actionable *(Nichols v Item Publishers,* 309 NY 596; *Van Lengen v Parr,* 136 AD2d 964). Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.