■ APOSTOLOS KAPPAS et al., Respondents, v T.W. KUTTER, INC., Respondent and Third-Party Plaintiff-Respondent and Second Third-Party Plaintiff-Respondent. MARATHON ENTERPRISES, Third-Party Defendant-Respondent; KRAEMER & GREBE, GMBH & Co. K.G., Second Third-Party Defendant-Appellant. [596 NYS2d 361] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered July 6, 1992, which denied the motion by second third-party defendant for summary judgment pursuant to CPLR 3212 seeking to dismiss the second third-party complaint based upon lack of jurisdiction, unanimously affirmed, with costs.

The IAS Court properly determined that summary judgment was precluded by the existence of issues of fact as to whether Kraemer & Grebe, GMBH & Co. K.G. ("Kraemer"), the German manufacturer of the meat packing machine which caused plaintiff's injuries in New York, had sufficient minimum contacts with New York so as to be subject to long-arm jurisdiction pursuant to CPLR 302 (a) (3) (i) by virtue of a contractual designation of T.W. Kutter, Inc. ("Kutter") as Kraemer's exclusive distributor and promoter of the machine manufactured by Kraemer for all territories of the United States, including New York, and Kutter's activities in servicing and repairing the machines sold in New York and Kraemer's activity in warranting the machines *(Frummer v Hilton Hotels Intl.,* 19 NY2d 533; *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443). The activities of a representative of a non-domiciliary in New York will be attributed to the non-domiciliary for the purpose of long-arm jurisdiction if the non-domiciliary requested the performance of those activities in New York and benefitted therefrom *(Cato Show Print. Co. v Lee,* 84 AD2d 947, 949). Moreover, it is well settled that a court may exercise personal jurisdiction over a non-domiciliary, who in person or through an agent, "commits a tortious act without the state causing injury to person or property within the state * * * if [the non-domiciliary] * * * expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce" (CPLR 302 [a] [3] [ii]).

The prior determination in *Schaadt v T. W. Kutter, Inc.* (169 AD2d 969), granting summary judgment in Kraemer's favor based upon lack of personal jurisdiction in New York, does not collaterally estop relitigation of the jurisdictional issue in the underlying action where the record reveals that the relationship between Kraemer and its exclusive agent,

Kutter, was materially altered by a written contract executed by those parties after the date of the operative events in *Schaadt* and that Kraemer failed to meet its burden of establishing an identity of issue which has necessarily been decided in the prior action and is decisive of the present action *(Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71). In any event, the plaintiff's employer, Marathon, was not a party to the *Schaadt* action and therefore did not have a full and fair opportunity to contest the decision now said to be controlling *(supra).*

We have reviewed Kraemer's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.