■ MARIO CHIAVARELLI, Appellant, v ROY F. WILLIAMS et al., Respondents. [681 NYS2d 276] —Order, Supreme Court, New

York County (Diane Lebedeff, J.), entered June 20, 1997, which, to the extent appealed from, granted defendant Roy Williams' cross-motion for summary judgment dismissing, with leave to replead, plaintiff's cause of action for libel per se, unanimously reversed, on the law, with costs, the cross-motion denied, and plaintiff's cause of action reinstated.

At all times relevant to this defamation action, plaintiff Dr. Mario Chiavarelli (plaintiff) was the Chair of the Department of Surgery's Division of Cardiothoracic Surgery at the State University of New York Health Science Center in Brooklyn. He also served as an attending physician and Assistant Professor of Surgery there. Plaintiff's duties included supervision and evaluation of residents.

Defendant Dr. Roy F. Williams (defendant) was Chief Resident in plaintiff's department. On November 30, 1995, after receiving a poor performance review from plaintiff, defendant wrote an allegedly libelous letter about plaintiff and distributed it to plaintiff's supervisors, Dr. Richard B. Wait and Dr. Joseph N. Cunningham, Jr. Drs. Wait and Cunningham were, respectively, Chair of the Department of Surgery and Director of Cardiothoracic Residency Training.*

Defendant's letter claimed that plaintiff had given him a negative evaluation to retaliate for defendant's failure to respond to plaintiff's sexual advances. The letter enumerated plaintiff's purported "extremely inappropriate and unprofessional" acts of "harassment", e.g., inappropriate personal gifts to defendant, flirtatious comments about defendant's physical attributes, numerous invitations to travel with plaintiff or have dinner with him, and unwanted physical contact. According to plaintiff, a subsequent investigation by the hospital revealed that defendant's statements were unsubstantiated, and defendant was reprimanded.

Plaintiff sued defendant under a theory of libel per se, alleging that defendant knowingly and maliciously disseminated false statements that would tend to injure plaintiff in his profession. The motion court dismissed plaintiff's libel per se claim against defendant (the only remaining cause of action once Drs. Wait and Cunningham were out of the case), with leave to submit amended pleadings alleging special damages. On this appeal, plaintiff contends that he should not be required to allege or prove special damages because he

---

* Despite the caption, plaintiff's claims against Drs. Wait and Cunningham were dismissed and they are out of the action, a disposition which plaintiff does not challenge on appeal. These defendants' appellate brief requesting sanctions is thus irrelevant and meritless.

adequately stated a claim for libel per se. We agree with this reasoning, and therefore reinstate plaintiff's claim.

Special damages need not be claimed when a libel action is based on defamatory statements that tend to injure a party in his business or profession (*Langenbacher Co. v Tolksdorf*, 199 AD2d 64, 65). The law presumes that damage results when a person's business reputation is impugned. In order to be libelous per se, the challenged statements "must be more than a general reflection upon [the plaintiff's] character or qualities", and must suggest improper performance of his duties or unprofessional conduct (*Golub v Enquirer/Star Group*, 89 NY2d 1074, 1076).

This Court has found that a plaintiff sufficiently stated a claim of libel per se where the defendant attributed to him specific acts suggesting the plaintiff's unfitness for his professional role. For instance, in *Levy v Educational Records Bur.* (170 AD2d 391), defendant told the parents of plaintiff's student that plaintiff was an evil influence who coached her pupils to cheat on tests. These statements were per se actionable because they "imputed a lack of personal integrity to plaintiff as a tutor" (*supra*, at 392). Similarly, in the case at bar, defendant Williams' assertion that plaintiff would misuse his supervisory power over residents to obtain sexual favors clearly reflected adversely on plaintiff's integrity as a physician and professor of medicine.

Defendant's claim that the letter was merely a non-actionable statement of opinion is unavailing. Where the author of a derogatory statement of opinion implies that it is based on facts not disclosed to his audience, a claim for defamation may be premised on this implied factual assertion (*Afftrex, Ltd. v General Elec. Co.*, 161 AD2d 855, 856 [statement that plaintiff was fired because he was an " 'evil man' " is actionable per se]). For example, in *Alianza Dominicana v Luna* (229 AD2d 328, 329, *lv dismissed* 89 NY2d 1029), we found the defendant's assertions sufficiently factual where his broadcast critique of a Dominican community center alluded to unconfirmed rumors that an employee and several community members were sexually harassed or molested at the center. In the instant case, defendant not only expressed the opinion that plaintiff was unprofessional and his performance reviews biased, but explicitly alleged purported incidents of sexual harassment as the basis for this opinion.

In dismissing plaintiff's claim, the motion court seemed to believe that a health care professional could not claim libel per se based on injury to business reputation, unless defendant's

defamatory statements alleged that plaintiff acted unlawfully or harmed his patients. This interpretation is based on a misreading of the cases on which the motion court relied. In *Amodei v New York State Chiropractic Assn.* (160 AD2d 279, *affd* 77 NY2d 890), we held that a general accusation of "unprofessional conduct" was a protected statement of opinion, and rejected plaintiff's argument that these words implied unlawful activity. Since the statement was not sufficiently factual to be actionable, we did not reach the question of what constituted injury to business reputation let alone say that allegations of plaintiff's unlawful conduct were required. In *Hirschhorn v Group Health Ins.* (9 AD2d 905), the Second Department held that a claim of injury to business reputation, based on a purported charge of *malpractice*, will fail unless the allegedly defamatory statement included a charge that plaintiff's patient was injured (since injury is a necessary element of malpractice). That case did not stand for the proposition that *any* claim for per se libel of a physician must include defamatory statements that he injured his patients. In short, *Amodei* and *Hirschhorn* are inapposite because the plaintiffs in those cases sought recovery on different theories than does this plaintiff. As plaintiff sufficiently stated a claim for libel per se, his first cause of action should be reinstated. Concur—Rosenberger, J. P., Nardelli, Wallach and Rubin, JJ.