■ MARK GATZ, Appellant, v OTIS FORD, INC., Respondent. [711 NYS2d 467] —In an action, *inter alia*, to recover damages for fraud, in which the defendant asserted a counterclaim to recover damages for defamation, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered May 25, 1999, which, upon an order of the same court (Oshrin, J.), dated June 18, 1998, granting the defendant partial summary judgment on the counterclaim to recover damages for defamation, and after a nonjury trial on the issue of damages, is in favor of the defendants and against him in the principal sums of $25,000 for compensatory damages and $15,000 for punitive damages.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages on the counterclaim for defamation.

By order dated June 18, 1998, the Supreme Court granted the defendant Otis Ford, Inc. (hereinafter Otis Ford), partial summary judgment on the issue of liability on the third counterclaim, which was to recover damages from the plaintiff Mark Gatz for defamation. This Court affirmed, stating, *inter alia*, that the Supreme Court properly determined that the

statements and/or publications complained of were defamatory per se (*see, Gatz v Otis Ford,* 262 AD2d 280).

In cases involving defamation per se, the law presumes that damages will result, and special damages need not be alleged or proven (*see, Liberman v Gelstein,* 80 NY2d 429, 435; *Chiavarelli v Williams,* 256 AD2d 111, 112; *Matherson v Marchello,* 100 AD2d 233, 235-237). However, although the existence of compensatory damages is presumed, the quantum of such damages is not, and the party who made the defamatory statement and/or publication must be permitted to rebut that presumption and disprove the amount of damages sought to be recovered (*see, Weldy v Piedmont Airlines,* 1995 WL 350358 [US Dist Ct, WD NY, May 30, 1995, Elfvin, J.]; *Davis v Ross,* 107 FRD 326, 330; *see also, Fashion Boutique v Fendi USA,* 75 F Supp 2d 235, 241-242; Prosser and Keeton, Torts § 116A, at 847-848 [5th ed]; Kreindler, New York Law of Torts § 1.56, at 59-60).

Similarly, although punitive damages may be awarded on proof of actual malice, the party who made the defamatory statement and/or publication may prove good faith and the absence of malice by establishing that he or she had a reasonable belief that his or her statement and/or publication was true (*see, Wachs v Winter,* 569 F Supp 1438, 1443-1444; *see also,* Civil Rights Law § 78; *Crane v New York World Tel. Corp.,* 308 NY 470, 476-477; Prosser and Keeton, Torts § 116A, at 847-848 [5th ed]; Kreindler, New York Law of Torts § 1.56, at 59-60).

In this case, Supreme Court erred in limiting the plaintiff to cross-examination of the witnesses of Otis Ford and precluding him from introducing any evidence in mitigation of the compensatory and punitive damages claimed by Otis Ford in the third counterclaim. Accordingly, a new trial is required to allow the plaintiff to submit any such relevant and appropriate evidence. O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.