■ MIGUEL MELENDEZ et al., Respondents-Appellants, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants-Respondents. [720 NYS2d 491] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered December 14, 1999, which, in an action for defamation and discriminatory termination of employment in violation of Labor Law § 201-d (2) (a), granted defendants' motion for summary judgment dismissing the complaint to the extent of dismissing the Labor Law cause of action, unanimously modified, on the law, to reinstate the Labor Law cause of action, and otherwise affirmed, without costs.

The motion court properly sustained the defamation cause of action, alleging statements by the individual defendant, the highest official of defendant City agency, to the effect that he terminated plaintiffs' employment with the agency because of a "public perception" that the division of the agency that plaintiffs led was "involved" in "party politics" and that employees in the division were "utilized" in a political campaign. Such statements, even if opinion as claimed by defendants, are actionable, since they impugn plaintiffs' integrity as government officials (*see, Liberman v Gelstein*, 80 NY2d 429, 435; *Levy v Educational Records Bur.*, 170 AD2d 391), and imply a basis in facts not disclosed to the readers of the newspaper article in which the statements appeared (*see, Gross v New York Times Co.*, 82 NY2d 146, 153-154). A reasonable reader would not assume that plaintiffs, whose job performance was not otherwise faulted, were terminated only because of a nondescript "public perception" that they used agency employees for partisan political purposes. Rather, a reasonable reader

would assume that plaintiffs were terminated for undisclosed, verifiably improper, if not illegal, conduct.

Labor Law § 201-d (2) (a) makes it unlawful for an employer to discharge an employee because of the employee's "political activities outside of working hours, off of the employer's premises and without use of the employer's equipment or other property, if such activities are legal." The Political Activity of Certain State and Local Employees Act (5 USC §§ 1501-1508), commonly known as the Hatch Act, prohibits certain employees of State and local government agencies financed by loans or grants made by the United States or a Federal agency from using their official authority or influence for the purpose of affecting an election, coercing or advising other government employees to contribute anything of value for political purposes, or being a candidate for elective office (5 USC § 1502 [a]). It is undisputed that plaintiffs, who allege that their employment with defendant agency was terminated on the basis of a false charge of involvement in a political campaign, are subject to the Hatch Act. Based on the proviso in Labor Law § 201-d (2) (a) that its prohibition against termination of employment does not apply to protect "persons who would otherwise be prohibited from engaging in political activity pursuant to [the Hatch Act]," the motion court held that plaintiffs were not protected by section 201-d (2) (a) for no other reason than that they were subject to the Hatch Act. This was error. Since the Hatch Act is not an absolute prohibition against political activity by local government employees (*see, McKechnie v McDermott*, 595 F Supp 672, 674-675), the interplay between the Hatch Act and section 201-d (2) (a) requires a determination as to whether plaintiffs engaged in the type of political activity that is prohibited by the Hatch Act. The section 201-d (2) (a) cause of action should not have been dismissed absent a finding that plaintiffs engaged in political activities during business hours, or on defendant's premises or with defendant's equipment or other property, which finding can not be made as a matter of law on this record. Concur—Rosenberger, J. P., Nardelli, Ellerin and Saxe, JJ.