■ VINCENT Q. GIFFUNI et al., Appellants, v JERROLD S. FEINGOLD, Respondent. [749 NYS2d 716] —Order, Supreme Court, New York County (Edward Lehner, J.), entered April 26, 2002, which, to the extent appealed from, denied plaintiffs' motion seeking summary judgment on their third, fourth, fifth, forty-fifth and forty-sixth causes of action and dismissal of the affirmative defenses to those causes of action, unanimously modified, on the law, to grant the motion to the extent of dismissing the second, third and fourth affirmative defenses, only insofar as they are asserted against those causes of action that are the subject of plaintiff's motion, and otherwise affirmed, without costs. Order, same court and Justice, entered May 10, 2002, which, to the extent appealed from as limited by the brief, denied plaintiffs' motion for a protective order as to the demands in defendant's deposition notices for disclosure of documents, and order, same court and Justice, entered May 24, 2002, which transferred the matter to the Civil Court, New York County, pursuant to CPLR 325 (d), unanimously affirmed, without costs.

Contrary to the fourth affirmative defense, the alleged libel has a defamatory meaning (*see Suozzi v Parente,* 202 AD2d 94, *lv dismissed in part and denied in part* 85 NY2d 923), and con-

trary to the third affirmative defense, the text of the flier supports a claim for libel per se (*see Chiavarelli v Williams*, 256 AD2d 111, 113). Contrary to the third and fourth affirmative defenses, the complained-of assertions are not loose, figurative or hyperbolic statements (*cf. Dillon v City of New York*, 261 AD2d 34), and they are not shielded by the opinion privilege because they "imply the existence of undisclosed underlying facts" that would support defendant's opinion and would be detrimental to plaintiffs (*see Gross v New York Times Co.*, 82 NY2d 146, 153), especially since they allege criminal conduct (*see id.* at 155). As to the second affirmative defense, defendant waived all qualified privileges, and has not demonstrated that he has any other viable defense rooted in the First Amendment. The second, third and fourth affirmative defenses are therefore dismissed, but only as to the above-specified causes of action, since plaintiffs' motion was expressly confined to those causes of action (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430).

In all other respects we affirm the motion court's denial of summary judgment, since plaintiffs have not sustained their burden, as summary judgment movants, of demonstrating the absence of a triable question of fact. Defendant's affidavits raise a question as to plaintiffs' allegation that he created and posted the so-called modified notice, and in any event, defendant has raised a substantial issue as to his defense that the allegedly defamatory statements are true (*cf. Saunders v County of Washington*, 255 AD2d 788, 791; *see Carter v Visconti*, 233 AD2d 473, 474, *lv denied* 89 NY2d 811). Defendant is not collaterally estopped from proving the truth of his accusations, since plaintiffs have not shown, as was their burden (*see Kappas v T.W. Kutter, Inc.*, 192 AD2d 402, 403), that the same issue was raised in the prior administrative and Civil Court proceedings upon which they rely (*see Buechel v Bain*, 97 NY2d 295, 303-304, *cert denied* 535 US —, 122 S Ct 2293). The denial of plaintiffs' motion for a protective order was a proper exercise of the motion court's broad discretion with respect to the conduct of discovery (*see Daniels v City of New York*, 291 AD2d 260). Although it would have been erroneous for the motion court to have transferred this matter pursuant to CPLR 325 (d) to a court lacking subject matter jurisdiction to grant plaintiffs adequate relief (*see Zuckermann v Spector*, 287 AD2d 402), plaintiffs have no sustainable claim for relief that Civil Court is without jurisdiction to provide. Plaintiffs' demand for a prior restraint enjoining libel is barred by First Amendment principles (*see Rosenberg Diamond Dev. Corp. v Appel*, 290 AD2d 239). As was held in a prior, unappealed order of the mo-

tion court, plaintiffs have an adequate remedy in damages (see *Singer v Romerrick Realty Corp.*, 255 App Div 715). Concur— Buckley, J.P., Rosenberger, Lerner and Gonzalez, JJ.