■ JAMES McCUE, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [796 NYS2d 384]—

In an action, inter alia, to recover damages pursuant to Labor Law § 201-d for the wrongful termination of employment, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 11, 2004, as, upon renewal, in effect, vacated its prior order entered December 8, 2003, denying the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, and granted the motion to dismiss, and (2) from an order of the same court entered May 13, 2004, which denied his motion, denominated as one for leave to renew and reargue the defendants' prior motion for leave to renew, but which was, in effect, for leave to reargue.

Ordered that the appeal from the order entered May 13, 2004, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered March 11, 2004, is modified, on the law and the facts, by deleting the provision thereof which, upon renewal, granted that branch of the defendants' motion which was to dismiss the first cause of action and substituting therefor a provision, upon renewal, adhering to so much of the order entered December 8, 2003, as denied that branch of the

motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the first cause of action is reinstated.

To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (see Trade Source v Westchester Wood Works, 290 AD2d 437 [2002]).

Construing liberally the allegations of the complaint, the plaintiff's testimony at the hearing conducted pursuant to General Municipal Law § 50-h, and his affidavit submitted in opposition to the defendants' motion, the documentary evidence which forms the basis of the defense did not resolve all factual issues as a matter of law and failed to conclusively dispose of the plaintiff's first cause of action (see Trade Source v Westchester Wood Works, supra). This cause of action alleging a violation of Labor Law § 201-d (2) (a) should not have been dismissed absent a finding that the plaintiff engaged in political activities during working hours, or on the defendants' premises or with the defendants' equipment or other property, which finding cannot be made, as a matter of law, on this record (see Melendez v New York City Hous. Auth., 280 AD2d 388, 389 [2001]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.