■ Kenneth S. Weinstein et al., Respondents, v Hotel Acquisitions Corp. et al., Appellants, et al., Defendants. [841 NYS2d 608]—

In an action, inter alia, to recover damages for breach of contract and tortious interference with contract, the defendants Hotel Acquisitions Corp., Frees Media Incorporated, William Graulich III, and Bill Frees appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated September 28, 2005, as denied that branch of their motion which was pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action alleging breach of contract insofar as asserted against the defendants Hotel Acquisitions Corp. and Frees Media Incorporated, and denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action alleging tortious interference with an employment contract insofar as asserted against the defendants William Graulich III and Bill Frees, and so much of the sixth cause of action as was for an award of an attorney's fee against the defendants Hotel Acquisitions Corp. and Frees Media Incorporated.

Ordered that the order is modified, on the law, (1) by deleting

the provision thereof denying that branch of the motion which was pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action alleging breach of contract insofar as asserted against the defendants Hotel Acquisitions Corp. and Frees Media Incorporated and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the sixth cause of action as was for the award of an attorney's fee against the defendants Hotel Acquisitions Corp. and Frees Media Incorporated and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court improperly denied that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the first cause of action insofar as asserted as against the appellants Hotel Acquisitions Corp. (hereinafter HAC) and Frees Media Incorporated (hereinafter Frees Media). For a court to grant a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence forming the basis of the defense must resolve all factual issues as a matter of law and conclusively dispose of the cause of action (*see McCue v County of Westchester*, 18 AD3d 830, 831 [2005]; *see also Held v Kaufman*, 91 NY2d 425, 430-431 [1998]). Here, the settlement agreement which the plaintiffs entered into with, inter alia, HAC and Frees Media, conclusively disposed of the first cause of action (*accord Booth v 3669 Delaware*, 92 NY2d 934, 935 [1998]; *Mangini v McClurg*, 24 NY2d 556, 562 [1969]; *Kaminsky v Gamache*, 298 AD2d 361 [2002]).

As to the second cause of action alleging tortious interference with an employment contract, the plaintiffs sufficiently alleged that the purported tortious conduct of the defendants William Graulich III and Bill Frees was undertaken outside the scope of their authority as principals or owners of HAC and Frees Media, respectively (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 914-915 [1978]). Accordingly, that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action insofar as asserted against Graulich and Frees was properly denied (*see* CPLR 3211 [a] [7]; *see Hermann v Bahrami*, 236 AD2d 516 [1997]).

The Supreme Court, however, improperly denied that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the plaintiffs' sixth cause of action, insofar as asserted against HAC and Frees Media, as was for an award of an attorney's fee pursuant to the terms of the settle-

ment agreement. That settlement agreement provides for the award of such fees where an action is commenced to interpret or enforce the settlement agreement. Since the plaintiffs have no remaining causes of action against either HAC or Frees Media, the plaintiffs have no claim against HAC or Frees Media for an award of an attorney's fee pursuant to the settlement agreement.

The appellants' remaining contentions are without merit. Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.