■ DONNA REID et al., Respondents, v GATEWAY SHERMAN, INC., et al., Respondents, et al., Defendants, and RENAISSANCE EQUITY HOLDINGS, L.L.C., Appellant. [875 NYS2d 254]—

In an action to recover damages for personal injuries, etc., the defendant Renaissance Equity Holdings, L.L.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated March 31, 2008, as denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

This is an action to recover damages for personal injuries allegedly arising out of a toxic mold condition in the residential apartment rented by the plaintiffs. The appellant, Renaissance Equity Holdings, L.L.C. (hereinafter Renaissance), moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint and all cross claims insofar as asserted against it on the ground that it purchased the building in which the plaintiffs' apartment was located on October 7, 2005, more than three years after the alleged toxic condition arose and that, subsequent to the purchase, it had insufficient notice of the condition to be found negligent for failing to correct it. The complaint alleges, however, that the condition persisted until the date of the complaint, August 17, 2006.

Accepting the facts as alleged in the complaint to be true and allowing the plaintiffs the benefit of every possible favorable inference, as we must (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]), the complaint states a cause of action against Renaissance by alleging that it owned the building in which the allegedly toxic mold condition was present, it had notice of that condition, and it had a reasonable time to repair it, but failed to do so (*see Litwack v Plaza Realty Invs., Inc.*, 11 NY3d 820, 821 [2008]). Accordingly, the Supreme Court correctly denied that branch of Renaissance's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

In order to prevail on a motion to dismiss based upon documentary evidence, pursuant to CPLR 3211 (a) (1), "the documentary evidence which forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*McCue v County of Westchester*, 18 AD3d 830, 831 [2005]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]). The documentary evidence submitted by Renaissance established the date of the convey-

ance, which is undisputed, but that fact alone was not sufficient to establish that Renaissance did not have notice of the allegedly dangerous condition or a reasonable opportunity to repair it. The Supreme Court, therefore, correctly denied that branch of the motion of Renaissance which was to dismiss the complaint and all cross claims insofar as asserted against it on the basis of documentary evidence. Prudenti, P.J., Spolzino, Ritter and Santucci, JJ., concur.