## AMERICAN PARA PROFESSIONAL SYSTEMS, INC., Plaintiff,

v.

## LABONE, INC., Defendant.

### No. 01–CV–6179 (DRH).

United States District Court,
E.D. New York.

Nov. 13, 2001.

---

Carb, Luria, Cook & Kufeld LLP, New York City, by M. William Scherer, for plaintiff.

Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, by William I. Sussman, Jennifer C. Loach, for defendant.

## MEMORANDUM AND ORDER

HURLEY, District Judge.

Plaintiff has moved, pursuant to Fed.R. of Civ.P. 65, for an order

(i) restraining, enjoining and prohibiting defendant and its employees, agents, servants, independent contractors, and any and all other persons or entities acting on behalf of or in concert with any of the foregoing, during the pendency of this action, directly or indirectly, from entering into any contractual agreements (the "Prohibited Agreements") with persons or entities presently under contract to APPS, to the extent such Prohibited Agreements result in such persons or entities engaging in business which is prohibited by the non-competition restriction contained in such contracts with plaintiff and from inducing the breach of such non-competition restrictions; and

(ii) restraining, enjoining and prohibiting defendant and its employees, agents, servants, independent contractors, and any and all other persons or entities acting on behalf of or in concert with any of the foregoing, directly or indirectly, from utilizing the services, in any way, directly or indirectly of Rabah, Inc., Larry L. Goldman and Shaelene Goldman in connection with defendant's business insofar as such services involve services that are the same as or similar to the services performed by Rabah, Inc. for plaintiff under the contract between Rabah, Inc., Larry L. Goldman and Shaelene Goldman, terminated, effective August 17, 2001.

(Pl.'s Order to Show Cause filed September 17, 2001.)

Defendants have cross-moved to dismiss plaintiff's complaint "(a) for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. ('Rule') 12(b)(2); (b) for improper venue, pursuant to Rule 12(b)(3); and (c) for failure to state a claim, pursuant to Rule 12(b)(6)." (Def.'s Notice Cross–Mot.)

### Background

Plaintiff American Para Professional Systems, Inc. ("APPS" or "plaintiff") and defendant LabOne, Inc. ("LabOne" or "defendant") are in the paramedical service business [1] and compete with one another nationally. (Watts Decl. Attached to LabOne's Cross–Mot. ¶¶ 3, 6; Gelman Aff. Opp'n to LabOne's Mot. Dismiss, ¶ 5.) APPS is a corporation organized under the laws of the State of New York with its principal place of business in Jericho, New York (Compl. ¶ 1), while LabOne, also a corporation, was organized under the laws of the State of Missouri with its principal place of business in Lexexa, Kansas (*id.* ¶ 2).

APPS and LabOne each provide various services to insurance companies, including interviewing applicants for life, disability and health insurance, supervising the completion of medical questionnaires, and arranging for medical examinations. (Watts Decl. ¶ 3; Scherer Aff. Attached to Order to Show Cause ¶ 2.) Those services are provided largely through independent contractors, called "affiliates," which are located throughout the country. Each affiliate has a local territory and typically employs "examiners" to conduct most of the examinations.

APPS's contracts with its affiliates contain a "restrictive engagement provision" under which such "companies and individuals are prohibited from engaging in paramedical testing for a period of one (1) year following the termination of the agreement between them which restriction is limited solely to the limited geographic territory that these companies and individuals performed services prior to their termination." (Compl. ¶ 7.)

APPS maintains that LabOne is endeavoring to fuel the current growth phase of its business by inducing APPS's affiliates to breach their contracts and join the ranks of LabOne. In support, APPS proffers the following:

1. a purported effort by LabOne to induce plaintiff's representative in Seattle, Washington to breach his contract (*id.* ¶ 13);

2. LabOne inducing "the individuals who had previously operated and been responsible for the supervision of [APPS's] Tucson, Arizona area office (Larry L. Goldman and Shaelene Goldman) to enter into an agreement with defendant pursuant to which these individuals agreed to perform services for defendant in direct violation of the provisions of the restrictive engagement agreement of which defendant had been put on notice and of which defendant was fully aware" (*id.* at ¶ 11); and

3. LabOne's refusal to satisfactorily respond to APPS's numerous letter requests for assurances that it would not induce individuals to breach their restrictive engagement agreements (*id.* at ¶ 8).

By way of format, APPS's application for a preliminary injunction will be ad-

---

**1.** LabOne indicates that it is not in the paramedical service business. Rather, it advises that its subsidiary, Examone World Wide, Inc., is in that business. (Def.'s Mem.Law in Opp'n to Pl.'s Mot. and in Supp. of its Cross– Mot. at 2.) Given, inter alia, that there is no claim that APPS has sued the wrong party the Court will refer to the entity about which APPS complains as LabOne consistent with the caption of the action.

dressed initially, to be followed by a discussion of the relief sought by LabOne in its cross-motion.

### APPS'S APPLICATION FOR INJUNCTIVE RELIEF

■ Federal jurisdiction in this case is based on diversity. Accordingly, LabOne's amenability to suit is determined under New York law. *Arrowsmith v. United Press International,* 320 F.2d 219 (2d Cir. 1963). In claiming that LabOne is subject to suit here, APPS relies solely on one subsection of the New York Civil Practice Law and Rules ("CPLR"), to wit, § 302(a)(3). That subsection provides that "[a]s to a cause of action arising from any acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary" who:

> commits a tortious act without the state causing injury to person or property within the state ... if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce....

CPLR § 302(a)(3).

■ A plaintiff bears the burden of proving the Court's personal jurisdiction over a defendant. *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 566 (2d Cir.1996). This burden varies, however, depending upon the procedural posture of the case. *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990). At an evidentiary hearing or at trial, a plaintiff must satisfy its ultimate burden of establishing jurisdiction by a preponderance of the evidence. *See Metropolitan Life,* 84 F.3d at 566–67;

*Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 n. 3 (2d Cir.1994); *Levisohn, Lerner, Berger & Langsam v. Medical Taping Systems, Inc.,* 10 F.Supp.2d 334, 339 (S.D.N.Y.1998).

■ On the other hand, where, as here, a plaintiff is faced with a Rule 12(b)(2) motion to dismiss prior to discovery, the motion may typically be defeated by alleging facts constituting a prima facie showing of personal jurisdiction. *See Jazini v. Nissan Motor Co.,* 148 F.3d 181, 184 (2d Cir.1998); *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1108 (2d Cir.1997). However, contrary to the position urged by APPS, a higher standard of proof is required to be satisfied for the issuance of a preliminary injunction. As explained by the Second Circuit in *Weitzman v. Stein:*

> In its August 1988 Jurisdiction Order, the district court found only that Weitzman had made a prima facie showing of personal jurisdiction. The court stated that when it heard the merits of § 5225 motion it would also "conduct a full evidentiary hearing on the subject of jurisdiction." There was no such hearing prior to the entry of the injunction. The prima facie showing was sufficient to permit the § 5225 issues to be litigated, but it was not sufficient to permit the entry of a preliminary injunction.
>
> Accordingly, on remand, the district court may not enter an injunctive order against Beverly without determining that Weitzman has established at least a reasonable probability of ultimate success on the question of the court's in personam jurisdiction over Beverly.

897 F.2d 653, 659 (2d Cir.1990); *see also Visual Sciences, Inc. v. Integrated Communications Inc.,* 660 F.2d 56, 59 (2d Cir. 1981) ("a prima facie showing of jurisdiction will not suffice ... where a plaintiff seeks preliminary injunctive relief"); *Thompson Medical Co., Inc. v. National*

*Center of Nutrition, Inc.,* 718 F.Supp. 252, 253 (S.D.N.Y.1989).

■ APPS and LabOne agreed to address the jurisdictional issue based on the pleadings and affidavits, absent an evidentiary hearing. In such a case, the determination of whether the plaintiff has met its burden is arrived at by construing allegations of the pleadings and affidavits liberally in favor of jurisdiction, accepting uncontroverted allegations as true and resolving controverted facts and doubts in plaintiff's favor. *See Robinson,* 21 F.3d at 507; *Medical Taping Systems,* 10 F.Supp.2d at 339.

■ With the above general principles in mind, attention will be directed to the three factual proffers made by APPS in support of its assertion that LabOne is subject to in personam jurisdiction under § CPLR § 302(a)(3).

The Seattle incident was a non-incident for present purposes. APPS merely proffers that "[u]nfortunately, [it] learned that LabOne ... had contacted its representatives in Seattle, Washington and attempted to induce the breach of the restrictive engagement agreement." (Scherer Aff. Attached to Order to Show Cause ¶ 6.) Affiant Scherer does not profess to have any firsthand information concerning the alleged contact. LabOne has submitted the Declaration of Daniel B. Brinson who identifies himself as the person who called the APPS office in Seattle. Brinson gives his personal account of what transpired, which account is wholly inconsistent with the secondhand report of Scherer and lends no support for LabOne's tortious interference claim. Under the circumstances, the Court attaches no weight to the Seattle incident.

■ APPS's complaint that LabOne induced a breach by Larry L. Goldman of the restrictive engagement provision of his contract may be well founded. Goldman previously operated the APPS's office in Tucson, Arizona. He sold that office to Ronald Lagasse, taking back a chattel mortgage. Lagasse failed to make the required payments, whereupon Goldman foreclosed the mortgage and took back the business. He then told APPS that he wanted to leave the paramedical testing business and asked that the company terminate its agreement with him. This was done effective August 17, 2001.

It is APPS's position that Goldman did not leave the business but rather, using his wife Shaelene Goldman as a front, affiliated himself with LabOne and continued to operate from the same office.[2]

It is true that Shaelene Goldman is not a signatory to a restrictive engagement provision with APPS. And, as argued by LabOne, the mere fact that Larry Goldman was present on two successive days at the Tucson office now supposedly operated by his wife is far from despositive proof that he is running the operation. Nonetheless, it may develop during the course of discovery that such is the case. Should that prove to be true, and that LabOne was involved in the subterfuge and induced Larry Goldman to breach his agreement with APPS, presumably LabOne may legitimately be called upon to answer for their actions.

■ For purposes of § 302(a), however, the "tortious act without the state" of LabOne under the above described scenario occurred in Tucson. In determining "whether there is a injury in New York sufficient to warrant § 302(a)(3) jurisdiction [courts] must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the inju-

---

**2.** Plaintiff's allegations regarding the Tucson office are found in the Complaint (¶¶ 10–11) and in the Scherer affidavit (¶¶ 9 through 14) attached to the Order to Show Cause.

ry.'" *Whitaker v. American Telecasting Inc.*, 261 F.3d 196, 209 (2d Cir.2001), quoting from *Bank Brussels Lambert v. Fiddler, Gonzalez and Rodriguez*, 171 F.3d 779, 791 (2d Cir.1999). Here, the purportedly tortious interference with contract, i.e., the original event which caused the injury, and the concomitant loss of revenue both occurred in Tucson. That is the situs-of-injury, not New York. That is where APPS "lost business." *Cosmetech International, LLC v. Der Kwei Enterprise and Co., Ltd.*, 943 F.Supp. 311, 319 (S.D.N.Y. 1996).

The mere fact that the economic consequence of what transpired in Tucson may be felt in New York "due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3)." *United Bank of Kuwait v. James M. Bridges, Ltd.*, 766 F.Supp. 113, 116 (S.D.N.Y.1991). *See also Fantis Foods, Inc. v. Standard Importing Co.*, 49 N.Y.2d 317, 326, 425 N.Y.S.2d 783, 402 N.E.2d 122 (1980) ("it has ... long been held that the residence or domicile of the injured party within a State is not a sufficient predicate for jurisdiction, which must be based upon a more direct injury within the State and a closer expectation of consequences within the State ... than the indirect financial loss resulting from the fact that the injured person resides or is domiciled here."); *Cavalier Label Co. v. Polytam, Ltd.*, 687 F.Supp. 872, 879 (S.D.N.Y.).

In sum, the Tucson incident, viewed independently of the other two incidents plaintiff cites in seeking a preliminary injunction, is an inadequate jurisdictional predicate under § 302(a)(3).

Short shrift may be made of the third incident cited by APPS. APPS reports that it "has bent over backwards to put LabOne on notice of the existence of the restrictive engagement agreements and asked LabOne to acknowledge that the decisions of the New York courts will be respected." (Mem.Law Supp. at 4–5.) It views LabOne's response that it is their "intention ... to be a tough but fair competitor within the confines of applicable law" as, "[p]latitudes aside," a signal that it intends to fight "'down and dirty.'" *Id.* at 8. APPS's dissatisfaction with LabOne's response is simply not a ground for the issuance of a preliminary injunction.

In conclusion, APPS has failed to establish that it enjoys "at least a reasonable probability of ultimate success on the question of the court's in personam jurisdiction over" LabOne under § 302(a)(3). *Weitzman v. Stein*, 897 F.2d at 659. Its proof as to the first, or Seattle incident is nonexistent. The argument as to the third incident is unconvincing. That leaves only Tucson and, as noted above, that incident has not, nor has it the potential of "causing injury ... within the State [of New York]." (§ 302(a)(3).) Accordingly, plaintiff's motion for a preliminary injunction is denied.

### Defendant's Motion to Dismiss Complaint

#### 1. Grounds Advanced

LabOne seeks the dismissal of the complaint, as earlier noted, upon three grounds, viz., (a) for lack of personal jurisdiction under Rule 12(b)(2); (2) improper venue under Rule 12(b)(3); and (3) for failure to state a claim under Rule 12(b)(6).

The basis for the improper venue claim is that personal jurisdiction over LabOne is lacking. Accordingly the Rule 12(b)(2) and 12(b)(3) grounds will be discussed together. Thereafter, the Rule 12(b)(6) ground will be addressed.

#### 2. Rule 12(b)(2) and (3) Motions

The complaint has only two causes of action, both of which seek injunctive relief. Nonetheless, the elevated standard of proof that plaintiff bore with respect to its application for a preliminary injunction

is not applicable to the defendant's motion seeking a dismissal of the complaint. Rather, plaintiff's burden in the present procedural context is only to make a prima facie showing that the Court possesses personal jurisdiction over the defendant. *Cf. DiStefano v. Carozzi North America, Inc.,* Docket No. 00–7239, 2001 WL 1379852 (2nd Cir. Oct. 18, 2001). In making that determination, the Court is required to "construe the pleadings and affidavits in the light most favorable to [plaintiff], resolving all doubts in [his] favor." *Id.,* citing *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 365 (2d Cir. 1986).

The affidavit of Gary Gelman, the Chief Executive Officer of APPS, is particularly significant with respect to LabOne's motion to dismiss. Gelman indicates (1) a significant portion of APPS's annual revenues are derived from the five largest insurance companies in the United States, all of which are headquartered in APPS's home state of New York; (2) to maintain those national insurance companies as customers, APPS must maintain its current nationwide network of affiliates; and (3) to the extent LabOne succeeds in its claimed scheme to pirate APPS's affiliates thus destroying that network, APPS will lose those New York based customers.

If plaintiff ultimately proves the allegations in its complaint and the Gelman affidavit, LabOne would be subject to in personam jurisdiction under § 302(a)(3). *See, e.g., Sybron Corp. v. Wetzel,* 46 N.Y.2d 197, 413 N.Y.S.2d 127, 131–32, 385 N.E.2d 1055 (1978); *Cosmetech Int'l LLC,* 943 F.Supp. at 319 ("plaintiff is not simply domiciled in New York; rather, plaintiff alleges it lost New York-based customers . . . as a result of [defendant's wrong-doing]"); *Cleopatra Kohlique, Inc. v. New High Glass, Inc.,* 652 F.Supp. 1254, 1257 (E.D.N.Y.1987) ("[t]he loss of New York customers would constitute a New York injury.").

In sum, plaintiff's motion to dismiss the complaint under Rule 12(b)(2) and (3) is denied.

### 3. Motion to Dismiss Complaint Under Rule 12(b)(6) for Failure to State a Claim

Both of plaintiff's causes of action seek injunctive relief to prevent LabOne from tortiously interfering with contracts APPS has with its affiliates. The elements of a tortious interference with contract claim are (a) the existence of a valid contract with a third party; (b) a defendant's procurement of a third party's breach of that contract without justification; and (c) damages to plaintiff resulting therefrom. *Lama Holding Co. v. Smith Barney, Inc.,* 88 N.Y.2d 413, 424, 646 N.Y.S.2d 76, 668 N.E.2d 1370 (1996).

APPS, of course, need not wait for the threatened harm to occur before seeking judicial assistance. Indeed, the purpose of the injunctive relief is "to prevent wrongs reasonably apprehended in the future." *First Nat'l Bank in Billings v. First Bank Stock Corp.,* 197 F.Supp. 417 (D.Mont.1961). *See also United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) ("The purpose of an injunction is to prevent future violations . . ., and, of course, it can be utilized even without a showing of past wrongs.").

The standards employed by the Court when deciding a motion to dismiss under Rule 12(b)(6) are well established. In reviewing a complaint for legal sufficiency, dismissal is appropriate only when " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J., Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). In making this deter-

mination, a court looks solely to the face of the complaint, *see Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991), accepting as true all well-pleaded factual allegations, *see DeJesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 69 (2d Cir.1996), and viewing such allegations, as well as all reasonable inferences drawn therefrom, in the light most favorable to the non-moving party, *see Harsco Corp. v. Segui,* 91 F.3d 337, 341 (2d Cir.1996); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996).

The Court of Appeals for the Second Circuit has emphasized that the district court's role when ruling on a motion to dismiss for failure to state a claim is "merely to assess the legal feasibility of the complaint," and not to engage in a weighing of the evidence. *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). "The issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely, but that is not the test." *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995) (citation and internal quotations omitted).

The question, then, is whether the complaint sets forth the necessary elements for injunctive relief based on the tortious interference with contract assertions of APPS. The Court has reviewed the complaint. Its allegations are sufficient to survive defendant's Rule 12(b)(6) motion.

## CONCLUSION

For the reasons stated above (1) plaintiff's motion for a preliminary injunction is denied and (2) defendant's motion to dismiss the complaint is also denied.

SO ORDERED.